STATE OF NORTH CAROLINA v. TOMMY MAYBERRY

No. 7824SC503

(Filed 7 November 1978)

**1. Assault and Battery § 16.1— assault with firearm on law enforcement officer—instruction on nonfelonious assault not required**

In a prosecution for assault with a firearm upon a law enforcement officer in the performance of his duties, the trial court did not err in failing to instruct the jury on the lesser offense of nonfelonious assault since the State's uncontroverted evidence tended to show that defendant pointed a shotgun in the direction of the sheriff and was weaving back and forth; the sheriff was in the performance of his duties of investigating the alleged crime of assault with intent to commit rape; defendant had been previously arrested by the sheriff and therefore knew he was a law enforcement officer; and the sheriff informed defendant that the law had him surrounded.

**2. Criminal Law § 112.6— insanity—evidence insufficient to require instruction**

The trial court properly declined to instruct the jury with regard to the defense of insanity where a psychiatrist and sheriff could give no opinion as to whether defendant knew what he was doing at the time of the alleged crimes and testimony by defendant's mother that defendant was "wild crazy," "booze sick," and that he "didn't have no sense" was conclusory in nature and did not bear upon the issue of whether, at the time of the crimes charged, defendant

was capable of knowing the nature and quality of his acts or of distinguishing between right and wrong in relation to such acts.

**3. Assault and Battery § 14.6 — assault on law enforcement officer — proof of intent**

In order to return a verdict of guilty of assault with a firearm upon a law enforcement officer in the performance of his duties, the jury is not required to find that defendant possessed any intent beyond the intent to commit the unlawful act, and this will be inferred or presumed from the act itself.

**4. Criminal Law § 104 — motion for nonsuit — contradictions in evidence disregarded**

Defendant's contention that his motion for nonsuit should have been granted because the evidence was contradictory is without merit, since, in passing upon a trial court's denial of a motion for nonsuit, the State's evidence is considered in the light most favorable to it and deemed true with all inconsistencies or contradictions therein disregarded.

APPEAL by defendant from *Howell, Judge.* Judgment entered 3 October 1977 in Superior Court, AVERY County. Heard in the Court of Appeals 26 September 1978.

The defendant was indicted for the felonies of assault on a female with intent to commit rape and assault with a firearm upon a law enforcement officer in the performance of his duties. Upon his pleas of not guilty to each charge, the jury returned verdicts of guilty. From judgment sentencing him to imprisonment for terms of ten years and five years respectively, with the sentences to run concurrently, the defendant appealed.

The State's evidence tended to show that on 6 February 1977, the defendant lived with his mother who was eighty-three years of age. On that date, the defendant returned to their home after having been gone for the weekend. The defendant's mother smelled liquor on his breath and noticed that his eyes looked red and wild, unlike anytime she had noticed them before. The defendant took a drink from a bottle of liquor and began to talk in loud and angry tones. His mother mentioned calling the rescue squad, and the defendant reacted by pulling their telephone off the wall. He then grabbed his mother and threw her into a chair telling her that he was going to rape her. The defendant shoved his mother toward a bedroom and threw her on the bed. He pulled her dress up to her arms and her pants down to her knees. The defendant's mother then asked him to get some water. The

defendant went to the kitchen, and his mother ran from the home and to her daughter's home nearby.

Shortly thereafter, Howard Beverly Daniels, Sheriff of Avery County, and three deputies arrived at the defendant's home. Three of the law enforcement officers went to the front of the home and knocked on the door. No one answered the door, but the defendant later walked from behind the house with a shotgun in his hands. The Sheriff, who had arrested the defendant on previous occasions, took cover and told the defendant that the law had him surrounded. The Sheriff directed the defendant to put down the gun and to come and talk with him. The defendant then walked toward the Sheriff with the gun pointed in his direction. While walking toward the Sheriff, the defendant weaved with the gun from side to side. As the defendant came within reach, the Sheriff grabbed the gun.

The defendant offered evidence tending to show that he had gone to Tennessee for the weekend. While there he consumed a large amount of alcohol. The defendant recalled passing a fire station in Tennessee on 6 February 1977, but remembered nothing else until he awoke in jail on 7 February 1977.

Dr. Michael Feldman, a psychiatrist testifying for the defendant, stated that he had examined the defendant but could not give an opinion as to the defendant's state of mind or ability to determine right from wrong at the time of the crime charged due to the defendant's alleged amnesia. Dr. Feldman further testified that the ingestion of alcohol could have affected the defendant's mental state, and that the defendant had the possibility of losing control and being unable to distinguish between right and wrong if under severe emotional stress or the influence of alcohol or drugs.

*Attorney General Edmisten, by Associate Attorney Sarah L. Fuerst, for the State.*

*Joseph W. Seegers for the defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the failure of the trial court to instruct the jury with regard to a possible verdict of

nonfelonious assault. The defendant contends that nonfelonious assault is a lesser included offense of the offense of assault with a firearm upon a law enforcement officer in the performance of his duties in violation of G.S. 14-34.2. The defendant further contends that the lesser included offense was supported by the evidence.

Both G.S. 15-169 and 170 allow a conviction of a lesser included offense of the crime charged when there is evidence tending to show that the defendant may be guilty of such lesser offense. However, the trial court should instruct the jury on a lesser included offense "when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *The presence of such evidence* is the determinative factor." *State v. Lampkins,* 286 N.C. 497, 506, 212 S.E. 2d 106, 111 (1975) (citations omitted), *cert. denied,* 428 U.S. 909, 49 L.Ed. 2d 1216, 96 S.Ct. 3220 (1976).

The State's uncontroverted evidence in this case tended to show that the defendant pointed a shotgun in the direction of the Sheriff and was weaving back and forth. This evidence would permit the jury to infer that the defendant pointed the gun at the Sheriff. The uncontroverted evidence of the State also indicated that the Sheriff was in the performance of his duties of investigating the alleged crime of assault with intent to commit rape. The State's evidence also indicated that the defendant had been previously arrested by the Sheriff and, therefore, knew he was a law enforcement officer. Additionally, the Sheriff informed the defendant that the law had him surrounded.

No evidence before the trial court tended to indicate that the defendant did not know that the Sheriff was a law enforcement officer or that he was acting in the performance of his duties. No evidence of a lesser included offense having been presented, the trial court correctly declined to instruct the jury with regard to any lesser included offense.

[2] The defendant next assigns as error the failure of the trial court to instruct the jury with regard to the defense of insanity. The defendant contends that the defense of insanity was properly raised and was supported by the evidence. We do not agree.

A defendant is considered to be legally insane and may avail himself of the defense of insanity when he was laboring under a disease or deficiency of mind or a defect of reason at the time of

the alleged act which rendered him incapable of knowing the nature and quality of his acts or incapable of distinguishing between right and wrong in relation to such acts. *State v. Jones,* 293 N.C. 413, 238 S.E. 2d 482 (1977); *State v. Potter,* 285 N.C. 238, 204 S.E. 2d 649 (1974). Further, a defendant is presumed sane, as insanity is not a natural or normal condition. *State v. Jones,* 293 N.C. 413, 238 S.E. 2d 482 (1977); *State v. Swink,* 229 N.C. 123, 47 S.E. 2d 852 (1948). "In the absence of any evidence whatever tending to rebut this presumption, . . . it is not incumbent upon the trial judge to instruct the jury with reference to [insanity]." *State v. Jones,* 293 N.C. 413, 426, 238 S.E. 2d 482, 490 (1977).

The psychiatrist called to testify by the defendant stated that he could not give an opinion as to the state of mind of the defendant at the time of the alleged crime. His additional testimony that the defendant "had the possibility of losing control" was of no real probative value, as the same could be said of any person. The Sheriff testified that the defendant reminded him of a mentally disturbed person, but specifically testified that he did not know if the defendant knew what he was doing. The defendant's mother testified that the defendant was "wild crazy," "booze sick" and that he "didn't have no sense." This testimony by the defendant's mother was entirely conclusory in nature and did not bear upon the issue of whether, at the time of the crime charged, the defendant was capable of knowing the nature and quality of his acts or of distinguishing between right and wrong in relation to such acts. The evidence of these witnesses, even if believed in its entirety, was inadequate to overcome the presumption of sanity. The trial court properly declined to instruct the jury with regard to the defense of insanity.

[3] The defendant also assigns as error the failure of the trial court to instruct the jury that, before they could return a verdict of guilty of assault with a firearm upon a law enforcement officer in the performance of his duties, they must find the defendant possessed a specific intent beyond the intent to commit the unlawful act itself. This assignment is without merit. In order to return a verdict of guilty of assault with a firearm upon a law enforcement officer in the performance of his duties, the jury is not required to find the defendant possessed any intent beyond the intent to commit the unlawful act, and this will be inferred or presumed from the act itself. *See State v. Matthews,* 231 N.C.

617, 58 S.E. 2d 625, *cert. denied,* 340 U.S. 838, 95 L.Ed. 615, 71 S.Ct. 24 (1950).

**[4]**  The defendant additionally assigns as error the failure of the trial court to allow his motion for judgment of nonsuit as to the charge of assault with a firearm upon a law enforcement officer in the performance of his duties. In support of this assignment, the defendant contends that his motion should have been granted due to the fact that the evidence was contradictory. In passing upon a trial court's denial of a motion for judgment of nonsuit, the State's evidence is considered in the light most favorable to it and deemed true with all inconsistencies or contradictions therein disregarded. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866 (1971). When viewed in this light, the evidence before the trial court provided a reasonable basis upon which the jury might find that the defendant had committed the crime charged. The motion was properly denied.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges MORRIS and ERWIN concur.