STATE OF NORTH CAROLINA v. THOMAS E. ROWLAND

No. 819SC388

(Filed 3 November 1981)

1. **Assault and Battery § 14.6— assault on law enforcement officer — sufficiency of the evidence**

    The evidence was sufficient to require submission of the case to the jury on the charge that defendant violated G.S. § 14-33(b)(4) where the State offered evidence tending to show that the prosecuting witness was a law enforcement officer, that he identified himself as such to defendant, that he was in the performance of his duty as an officer, and that defendant assaulted him by hitting him the face.

2. **Assault and Battery § 16— failure to submit lesser offense of simple assault — error**

    Where defendant was charged and convicted of assaulting an officer in the performance of his duty, it was error for the trial court to fail to submit the

lesser included offense of simple assault where there was conflicting evidence in the record whether the defendant knew the prosecuting witness was a law enforcement officer.

APPEAL by defendant from *Lamm, Judge.* Judgment entered 9 December 1980 in Superior Court, PERSON County. Heard in the Court of Appeals on 13 October 1981.

Defendant was charged in a warrant with willfully assaulting a law enforcement officer by hitting him in the eye and mouth with his fist while that officer was performing the duties of his office. The warrant charged defendant with a violation of G.S. § 14-33(b)(4), a misdemeanor.

Upon defendant's plea of not guilty, the State offered evidence tending to show the following: On 3 May 1980, defendant was staggering outside the D & M Grocery in Roxboro when he was approached by W. C. Chandler, an officer of the Division of Alcohol Law Enforcement of the Department of Crime Control; Chandler, seeking to investigate whether D & M Grocery had sold beer to a person under age, presented his identification folder and identified himself as an Alcohol Law Enforcement Agent and requested identification from the defendant; the defendant stated that he had no identification and after Chandler requested that he go into the D & M Grocery to point out who sold him beer, defendant refused and began to curse; Chandler then placed defendant under arrest for being intoxicated and disruptive; defendant went across the street and got inside a truck; defendant refused to get out of the truck, and then slapped Chandler with his open hand; after Chandler "countered" by striking defendant with a defensive baton, defendant then hit Chandler in the face with his right fist.

Defendant testified that when he was approached by Chandler, Chandler wore jeans, a t-shirt, and a sweater, and that Chandler's car gave no indication that he was a law enforcement officer. Defendant's testimony also included the following:

> I was in the truck alone when I next saw Chandler standing at the door talking to somebody standing out beside the truck. I heard him tell someone to get out of the way, so I opened the door and got out. He said, "You are under arrest." [A]nd I said, "Look, show me some ID and I will go with you."

He said, "I ain't got to show you nothing."

I responded, "Then I ain't going with you." I did not know that he was a Law Enforcement Officer. I have been arrested by other Law Enforcement Officers in this town, but never by anyone wearing this type of dress. After I said I wasn't going, he hit me with the black stick on the forehead. . . . I had not struck him before he hit me. After he hit me, I stepped back, took my shirt off and hit him.

The jury found defendant guilty as charged, and from a judgment imposing a prison sentence "not to exceed two (2) years," defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Richard L. Kucharski, for the State.*

*Ramsey, Hubbard & Galloway, by Mark Galloway; and Burke & King, by Ronnie P. King, for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the court's failure to grant his timely motions as of nonsuit. G.S. § 14-33 in pertinent part provides:

(b) Unless his conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a misdemeanor punishable by a fine, imprisonment for not more than two years, or both such fine and imprisonment if, in the course of the assault, assault and battery, or affray, he:

. . .

(4) Assaults a law-enforcement officer . . . while the officer . . . is discharging or attempting to discharge a duty of his office.

The evidence is clearly sufficient to require submission of the case to the jury on the charge that defendant violated G.S. § 14-33(b)(4). The State offered evidence tending to show that W. C. Chandler was a law enforcement officer, that he identified himself as such to defendant, that he was in the performance of his duty as an officer, and that defendant assaulted him by hitting him in the face.

Defendant's fifth assignment of error has no merit.

[2]  By his fourth assignment of error, the defendant contends the court erred in not submitting to the jury as a possible verdict the lesser included offense of simple assault. It is well settled in this State that when a defendant is indicted for a criminal offense he may be convicted of the offense charged or of a lesser included offense when the greater offense in the bill includes all the essential elements of the lesser offense. *State v. Snead*, 295 N.C. 615, 247 S.E. 2d 893 (1978). Further,

> [w]hen there is conflicting evidence of the essential elements of the greater crime and evidence of a lesser included offense, the trial judge *must* instruct on the lesser included offense even where there is no specific request for such instruction. An error in this respect will not be cured by a verdict finding a defendant guilty of the greater crime.

*State v. Brown*, 300 N.C. 41, 50, 265 S.E. 2d 191, 197 (1980) [Emphasis added.]

In the present case, the charge set out in the warrant embodies the lesser included offense of simple assault. Each element of simple assault is included in the charge of assaulting an officer in the performance of his duty, G.S. § 14-33(b)(4). In *State v. Mayberry*, 38 N.C. App. 509, 248 S.E. 2d 402 (1978), this Court discussed whether the trial court erred in not instructing the jury on the lesser included offense of assault when defendant had been charged with assault with a firearm upon a law enforcement officer. The Court there stated:

> The State's uncontroverted evidence in this case tended to show that the defendant pointed a shotgun in the direction of the Sheriff and was weaving back and forth. . . . The uncontroverted evidence of the State also indicated that the Sheriff was in the performance of his duties of investigating the alleged crime of assault with intent to commit rape. The State's evidence also indicated that the defendant had been previously arrested by the Sheriff and, therefore, knew he was a law enforcement officer. . . .

> No evidence before the trial court tended to indicate that the defendant did not know that the Sheriff was a law enforcement officer or that he was acting in the performance

of his duties. No evidence of a lesser included offense having been presented, the trial court correctly declined to instruct the jury with regard to any lesser included offense.

*State v. Mayberry, supra* at 512, 248 S.E. 2d at 404.

In the present case, there is plenary evidence from the defendant that he did not know that Chandler was a law enforcement officer, that the officer was not in uniform and had about him no indicia of official authority, that defendant repeatedly requested identification from Chandler but was not shown any, and that Chandler actually struck defendant about the head before defendant struck him.

In order to obtain a conviction under G.S. § 14-33(b)(4), the burden is on the State to satisfy the jury from the evidence and beyond a reasonable doubt that the party assaulted was a law enforcement officer performing the duty of his office, and that the defendant knew his victim was a law enforcement officer. *See State v. Atwood,* 290 N.C. 266, 273-76, 225 S.E. 2d 543, 547-48 (1976) (Exum, J., concurring) and *State v. Powell,* 141 N.C. 780, 53 S.E. 515 (1906). Therefore, since there was conflicting evidence in the record as to whether the defendant knew Chandler was a law enforcement officer, it was the duty of the trial judge to submit to the jury the possible verdict of simple assault.

New trial.

Judges CLARK and MARTIN (Harry C.) concur.