STATE OF NORTH CAROLINA v. DONALD BURTON

No. 9114SC460

(Filed 15 December 1992)

1. **Appeal and Error § 344 (NCI4th) — motion to dismiss — motion to set aside verdict — evidence introduced after close of State's evidence — right to appeal denied**

   A defendant waived the right to appeal the denial of his motion to dismiss at the close of the State's evidence where he introduced evidence after the close of the State's evidence and waived the right to appeal the denial of his motion to set aside the verdicts where he failed to address the issue in his brief. N.C.R. App. 28(b)(5); N.C.R. App. 10(b)(3).

   **Am Jur 2d, Appeal and Error §§ 248, 430, 431.**

2. **Assault and Battery § 60 (NCI4th) — assault on an officer — sufficiency of evidence**

   A jury in a prosecution for assaulting an officer could reasonably conclude that officers were attempting to lawfully arrest defendant for resisting, delaying, and obstructing a police officer when the assault occurred, and defendant's motion to dismiss was properly denied, where officers had probable cause to believe that defendant willfully prevented Sergeant Tiffin from performing his duties concerning a traffic stop. The State presented evidence that Sergeant Tiffin observed defendant traveling at a speed estimated to be twenty m.p.h. greater than the posted speed limit; Sergeant Tiffin attempted to use his car radio to run a check on the registration of the vehicle

after stopping defendant; defendant stood beside the patrol car, spoke in a loud and hostile manner, and refused to return to his car after the officer requested three times that he do so; Sergeant Tiffin was concerned for his safety as a result of defendant's behavior; he was unable to communicate on the radio; and he warned defendant that he would arrest defendant for obstructing an officer, but defendant did not desist. N.C.G.S. § 14-33(b)(8); N.C.G.S. § 14-223.

**Am Jur 2d, Assault and Battery § 107.**

3. **Arrest and Bail §˙96 (NCI4th)— assault on an officer—use of force by officers—not excessive**

A jury in a prosecution for assaulting an officer could reasonably conclude that officers did not use excessive force in arresting defendant for resisting an officer and that defendant was not entitled to resist in any manner where defendant was stopped for speeding; stood next to the patrol car, talked in a loud and hostile manner, and refused to return to his car while the officer attempted to radio a check on the registration; after warning defendant several times, the officer (Sergeant Tiffin) attempted to arrest defendant for obstruction and placed his hand on defendant's shoulder to execute the arrest; defendant did not respond and leaned against the patrol car; Sergeant Tiffin and Officer Taylor, who had arrived at the scene to assist Sergeant Tiffin, attempted to turn defendant around and handcuff him but were unable to do so; Corporal Allen arrived and the three officers attempted to secure defendant; defendant fell into the patrol car; and Officer Taylor struck defendant twice on the wrist with a nightstick after defendant attempted to bite Corporal Allen, kicked Sergeant Tiffin in the shin causing injury, and dislocated Officer Taylor's thumb.

**Am Jur 2d, Arrest §§ 80, 81.**

4. **Indictment, Information, and Criminal Pleadings § 50 (NCI4th)— indictment—assaulting an officer—underlying arrest dismissed —no variance**

There was not a fatal variance between warrant allegations and the evidence presented at trial where defendant was charged with resisting, obstructing and delaying an officer and three counts of assault on a police officer; the resisting, obstructing, and delaying charge was dismissed prior to jury

STATE v. BURTON

[108 N.C. App. 219 (1992)]

selection; and defendant was convicted of three counts of assault on a police officer. The State presented evidence that the officers had probable cause to believe that defendant was resisting, obstructing, and delaying an officer in the performance of his official duty; an officer does not have to be attempting an arrest in order to be performing an official duty of his office. Certainly an officer is performing an official duty when he stops a vehicle for speeding and attempts to use his car radio to obtain information on the registration of the stopped vehicle.

**Am Jur 2d, Assault and Battery § 95.**

5. **Assault and Battery § 60 (NCI4th) — assault on an officer — request for further instructions — definition of obstructing — no plain error**

There was no plain error in a prosecution for assault on an officer arising from an attempted arrest for obstructing an officer where the jury requested an additional instruction on the definition of "obstruct," and the definition given at that point did not include the necessary element of willfulness. In convicting defendant, the jury must have determined that he acted willfully when he refused to return to his car as requested by the officer and repeatedly talked in a loud voice as the officer attempted to use the patrol car radio. The Court of Appeals was not convinced that the jury would have reached a different result absent the alleged error.

**Am Jur 2d, Trial §§ 1448, 1449.**

6. **Evidence and Witnesses § 2973 (NCI4th) — assault on an officer — cross-examination of officer — alleged misconduct — questions properly excluded or no prejudice**

Two questions asked of an officer on cross-examination during a prosecution for assault on an officer were properly excluded because they dealt with complaints and discipline against the officer and did not address his character for truthfulness or untruthfulness. While the third question specifically addressed the officer's veracity and should have been allowed, defendant failed to prove that there was a reasonable possibility that the outcome of the trial would have

been different if the excluded evidence had been admitted. N.C.G.S. § 8C-1, Rule 608(b); N.C.G.S. § 15A-1230(a).

**Am Jur 2d, Evidence § 342.**

7. **Criminal Law § 438 (NCI4th)— assault on an officer— prosecutor's closing argument—no prejudicial error**

There was no prejudicial error in a prosecution for assault on an officer where the prosecutor commented in his closing argument on the lack of·use of sirens in stopping cars for traffic violations; on defendant's snickering as officers described his conduct and their injuries; and that defendant's testimony was consistent with that of the officers except for two parts he "made up" and how victims ended up becoming the defendant. Although the comment on use of sirens may have encompassed matters outside the record, the charges of assault on officers were not related directly to the initial traffic stop; urging jurors to observe defendant's demeanor for themselves does not inject the prosecutor's opinions into his argument; and while the last comment was improper, it did not constitute such gross impropriety as to influence the verdict of the jury.

**Am Jur 2d, Trial §§ 554-556, 609, 637, 664-666, 681.**

Appeal by defendant from judgment entered 25 February 1990 by Judge Frank Brown in Durham County Superior Court. Heard in the Court of Appeals 11 February 1992.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General, Ralph B. Strickland, Jr., for the State.*

*Irving Joyner for defendant appellant.*

COZORT, Judge.

Defendant was charged with operating a motor vehicle at a speed greater than reasonable under the conditions then existing; resisting, delaying, and obstructing an officer in the performance of his duties; injury to personal property; and three counts of assault on a police officer. In Durham County District Court, defendant was found guilty of three counts of assault on a police officer and appealed the conviction to superior court. On appeal to superior court, the jury found defendant guilty of three counts of assault on a police officer in violation of N.C. Gen. Stat. § 14-33(b)(8) (1991

STATE v. BURTON

[108 N.C. App. 219 (1992)]

Cum. Supp). Defendant was fined $100.00 and sentenced to six months in prison, suspended, and one year unsupervised probation. Defendant appeals. We find no error.

The State presented the following evidence: On 2 January 1990, at approximately 4:00 p.m., Durham Police Sergeant C. M. Tiffin observed defendant driving a vehicle on a city street. Sergeant Tiffin concluded that defendant was traveling approximately 55 m.p.h. in a 35 m.p.h. zone. Sergeant Tiffin activated his blue lights and followed defendant to the parking lot of an auto parts store. Sergeant Tiffin approached defendant who was walking away from the store, and informed him that he was driving too fast. Upon Sergeant Tiffin's request for his driver's license, defendant first produced a business card and then his driver's license. Defendant was not the owner of the car and did not possess the registration. Defendant stood to the left of the police car as Sergeant Tiffin attempted to use the car radio to run a check on the registration. Defendant repeatedly questioned Sergeant Tiffin's actions and refused to return to his car, even after Sergeant Tiffin instructed him to do so three times. Sergeant Tiffin informed defendant that he would be placed under arrest if he did not stop interfering and obstructing him in the performance of his duties. After defendant refused to cooperate, Sergeant Tiffin placed defendant under arrest and called for assistance. Officer T. M. Taylor arrived on the scene, but he and Sergeant Tiffin were unable to secure custody of defendant. Corporal C. M. Allen arrived to assist his fellow officers. A struggle ensued, and defendant fell into the open door of the patrol car. Sergeant Tiffin instructed Officer Taylor to strike defendant with his nightstick. Officer Taylor responded by striking defendant twice on the wrist. As a result of the struggle, Officer Taylor suffered a dislocated thumb and Sergeant Tiffin suffered injury to his shin. Defendant was finally brought under control.

Defendant presented the following evidence: Defendant was driving a vehicle at 30 or 35 m.p.h. when Sergeant Tiffin stopped him. Defendant questioned Sergeant Tiffin about the detention and his actions. After the other officers arrived on the scene, defendant asked to speak to a superior officer. Defendant refused to cooperate as the officers tried to handcuff him, and Officer Taylor struck defendant on the head with his nightstick.

On appeal defendant argues that the trial court erred in (1) denying defendant's motions to dismiss at the close of State's

evidence and the close of all the evidence, to vacate the verdicts after their return, and to set aside the verdicts; (2) instructing the jury on request that they were to give the term "obstruct" its ordinary meaning; (3) denying defendant the opportunity to cross-examine Sergeant Tiffin about alleged misconduct; and (4) allowing the assistant district attorney to make certain remarks during closing argument.

[1]   N.C.R. App. P. 10(b)(3) provides in part that "if defendant makes [a motion to dismiss the action] after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dismissal or judgment in case on nonsuit made at the close of State's evidence is waived." Since defendant introduced evidence after the close of State's evidence, he has waived the right to appeal the denial of his motion at the close of State's evidence. Defendant has also waived the right to appeal the denial of his motion to set aside the verdicts, since he has failed to address the issue in his brief. N.C.R. App. P. 28(b)(5).

[2]   Therefore, we need consider only defendant's argument that the trial court erred in failing to dismiss the action at the close of all the evidence. The trial court must dismiss charges for insufficiency of the evidence, if, viewing the evidence in the light most favorable to the State, the State fails to present substantial evidence of each essential element of the offenses charged. *State v. Herring*, 322 N.C. 733, 738, 370 S.E.2d 363, 367 (1988). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Specifically, defendant argues that (1) the officer did not have probable cause to arrest him for resisting arrest; (2) he was entitled to protect himself against use of excessive force by the police officers; and (3) there was a fatal variance between the warrant allegations and the State's evidence.

N.C. Gen. Stat. § 14-33(b)(8) provides that a person is guilty of a misdemeanor if he assaults a law enforcement officer when the officer is discharging or attempting to discharge a duty of his office.

> In order to obtain a conviction under [this section], the burden is on the State to satisfy the jury from the evidence and beyond a reasonable doubt that the party assaulted was a law enforcement officer performing the duty of his office, and

that the defendant knew his victim was a law enforcement officer.

*State v. Rowland*, 54 N.C. App. 458, 462, 283 S.E.2d 543, 546 (1981). " '[T]he offense under [this section]' . . . presupposes lawful conduct of the public officer in discharging . . . a duty of his office." *State v. Jefferies*, 17 N.C. App. 195, 198, 193 S.E.2d 388, 391 (1972), *cert. denied*, 282 N.C. 673, 194 S.E.2d 153 (1973) (interpreting former N.C. Gen. Stat. § 14-33(c)(4) ). "One resisting an illegal arrest is not resisting an officer within the discharge of his official duties." *State v. Anderson*, 40 N.C. App. 318, 322, 253 S.E.2d 48, 51 (1979).

Accordingly, in order for defendant to be convicted of assault on a police officer in violation of N.C. Gen. Stat. § 14-33(b)(8), the jury must first determine whether the officers were attempting to lawfully arrest defendant for resisting, delaying, and obstructing a police officer in violation of N.C. Gen. Stat. § 14-223 (1986). A warrantless arrest is lawful if based upon probable cause. *State v. Phillips*, 300 N.C. 678, 683, 268 S.E.2d 452, 456 (1980). The question, then, is whether the officers had probable cause to arrest defendant. Probable cause " 'has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' " *State v. Zuniga*, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984) (quoting *State v. Shore*, 285 N.C. 328, 335, 204 S.E.2d 682, 687 (1974) ).

N.C. Gen. Stat. § 14-223 (1986) makes it unlawful for any person to "willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office . . . ." Actual physical force or assault is not necessary. *State v. Downing*, 66 N.C. App. 686, 690, 311 S.E.2d 702, 704 (1984), *aff'd in part and rev'd in part*, 313 N.C. 164, 326 S.E.2d 256 (1985). The State does not have to prove that the officer was permanently prevented from discharging his duties by defendant's conduct. *Id.* Instead, the State must prove only that

> "the officer was obstructed or interfered with, and that such obstruction or interference was willful on the part of the defendant. . . . To 'interfere' is to check or hamper the action of the officer, or to do something which hinders or prevents or tends to prevent the performance of his legal duty; and to 'obstruct' signifies direct or indirect opposition or resistace [*sic*] to the lawful discharge of his official duty."

*State v. Leigh*, 278 N.C. 243, 248, 179 S.E.2d 708, 711 (1971) (quoting *State v. Estes*, 185 N.C. 752, 117 S.E. 581 (1923)). "Merely remonstrating with an officer in behalf of another, or criticizing an officer while he is performing his duty, does not amount to obstructing, hindering, or interfering with an officer." *State v. Allen*, 14 N.C. App. 485, 491, 188 S.E.2d 568, 573 (1972).

The State presented evidence that Sergeant Tiffin observed defendant traveling at a speed estimated to be twenty m.p.h. greater than the posted speed limit. On the basis of his observation and training, Sergeant Tiffin had at least reasonable suspicion to stop defendant's vehicle. *See State v. Morocco*, 99 N.C. App. 421, 393 S.E.2d 545 (1990). After stopping the defendant for speeding, Sergeant Tiffin attempted to use his car radio to run a check on the registration of the vehicle. Defendant was standing beside the patrol car and speaking in a loud and hostile manner. He refused to return to his car after the officer requested three times for him to do so. Sergeant Tiffin was concerned for his safety as a result of defendant's behavior, and he was unable to successfully communicate on the radio. He then warned defendant that he would arrest him for obstructing an officer, but defendant did not desist. Based upon the evidence presented by the State, a jury could reasonably conclude that the officers lawfully arrested defendant because they had probable cause to believe that defendant willfully prevented Sergeant Tiffin from performing his duties concerning the traffic stop.

[3] Defendant next argues that defendant had the right to protect himself against the use of excessive force during an unlawful arrest. We have already determined that a jury could reasonably conclude that the arrest was lawful. If attempting a lawful arrest, an officer has the right to use reasonable force to subdue the arrestee and the arrestee has no right to resist. N.C. Gen. Stat. § 15A-401(d)(1) (1991 Cum. Supp.). If, however, an officer uses excessive force to execute a lawful arrest, the arrestee may defend against the excessive force. *See State v. Mensch*, 34 N.C. App. 572, 575, 239 S.E.2d 297, 299 (1977), *cert. denied*, 294 N.C. 443, 241 S.E.2d 845 (1978).

The State presented evidence that after warning defendant several times, Sergeant Tiffin attempted to arrest defendant for obstruction and placed his hand on defendant's shoulder to execute the arrest. Defendant did not respond and leaned against the patrol car. Sergeant Tiffin and Officer Taylor, who had arrived at the scene to assist Sergeant Tiffin, attempted to turn defendant around

and handcuff him but were unable to do so. Corporal Allen arrived and the three officers attempted to secure defendant. Defendant fell into the patrol car. After defendant attempted to bite Corporal Allen, kicked Sergeant Tiffin in the shin causing injury, and dislocated Officer Taylor's thumb, Officer Taylor struck defendant twice on the wrist with a nightstick. A jury could reasonably conclude that the officers did not use excessive force in executing the arrest and that defendant was not entitled to resist in any manner.

[4] Defendant further argues that there was a fatal variance in the warrant allegations for resisting arrest and the State's evidence presented at trial. Defendant was charged with the offense of resisting, obstructing, and delaying in violation of § 14-223 and three counts of assault on a police officer in violation of § 14-33(b)(8). The resisting, obstructing, and delaying charge was dismissed prior to jury selection. Defendant was convicted of three counts of assault on a police officer. The State had the burden of proving that the persons assaulted were police officers performing their duties and that defendant knew they were police officers. See Rowland, 54 N.C. App. at 462, 283 S.E.2d at 546. In order to meet this burden, the State also had to present evidence that the officers were making a lawful arrest for resisting, obstructing, and delaying. As stated above, the State presented evidence that the officers had probable cause to believe defendant was resisting, obstructing, and delaying Sergeant Tiffin in the performance of his official duty. An officer does not have to be attempting an arrest in order to be performing an official duty of his office. Certainly an officer is performing an official duty when he stops a vehicle for speeding and attempts to use his car radio to obtain information on the registration of the stopped vehicle. We find defendant's argument that there was a fatal variance in the warrant and evidence presented at trial to be without merit.

Considering the evidence in the light most favorable to the State, we find the State presented substantial evidence of each element of the crimes charged, three counts of assault on a police officer, and that defendant was the perpetrator of the crimes. Accordingly, we find that the trial court did not err in denying defendant's motion to dismiss for insufficiency of evidence at the close of trial. Defendant's first assignment of error is overruled.

[5] In his second assignment of error, defendant contends that the trial court committed plain error when it responded to a ques-

tion from the jury concerning the definition of obstructing a police officer. Defendant does not challenge the correctness of the initial instructions here. In that charge, the trial court properly instructed the jury on the charge of assault on a police officer. The trial court then instructed the jury on the offense of resisting, delaying, and obstructing a police officer. The trial court explained that the officer had to have probable cause to believe that the defendant had committed the offense of delaying and obstructing; probable cause would exist if the circumstances surrounding defendant's conduct would lead a prudent person to believe defendant had committed the offense of delaying and obstructing. The trial court then instructed the jury that

> [m]erely remonstrating with an officer, protesting, objecting, questioning or criticizing an officer when he is performing his duties, does not amount to delaying and interfering an officer, they, in temperance language, used without apparent purpose is not sufficient, although force or threatened force is not always an indispensable ingredient of the offense of interfering with an officer in the discharge of his duty, mere remonstrating or criticizing an officer is not usually held to be the equivalent of unlawful interference.

Defendant argues that plain error occurred when the jury, after retiring for deliberation, requested in writing a definition of the phrase "obstructing an officer" and the trial court responded that the jury was to give the term "its ordinary meaning." Defendant's attorney did not object to the trial court's response to the jury's question. He now argues on appeal that the trial court's response to the jury's question was plain error, an error so fundamental that defendant must receive a new trial. He argues that the trial court's instruction to the jury that they could give the term "obstructing" its "ordinary meaning," which would not require a finding of willfulness, would allow the jury to find the defendant guilty of assault on an officer without having to first find that the officer had probable cause to arrest the defendant for the defendant's willful obstruction of the officer in the performance of his duties.

Webster's Third New International Dictionary (1971) defines obstruct: "to be or come in the way of: hinder from passing, action, or operation: IMPEDE, RETARD." The Second College Edition of the American Heritage Dictionary (1985) offers a similar definition:

"to impede, retard, or interfere with; hinder." Looking at these definitions of the "ordinary meaning" of obstruct, we agree with defendant's contention that the ordinary meaning of obstruct does not necessarily include an element of willfulness, an element which is required in the crime of obstructing an officer under N.C. Gen. Stat. § 14-223. We must now determine whether the trial court's response to the jury's question, which failed to require that the defendant's obstruction be willful in order to support the offense of assault, was so fundamental an error that a new trial is required. We hold that it was not.

After reviewing the entire record, we are not convinced "that absent the alleged error, a jury probably would have reached a different verdict." *State v. Robinson*, 330 N.C. 1, 22, 409 S.E.2d 288, 300 (1991). Here, the jury was correctly instructed that merely remonstrating or criticizing an officer did not amount to the offense of obstructing an officer. In order to convict defendant of assault on a police officer, the jury first had to determine whether there was probable cause for Sergeant Tiffin to arrest defendant for resisting, obstructing, and delaying an officer. In convicting defendant, the jury must have determined that he acted willfully when he refused to return to his car as requested by Sergeant Tiffin and repeatedly talked in a loud voice as Sergeant Tiffin attempted to use the patrol car radio. Defendant's second assignment of error is overruled.

[6] In his third assignment of error, defendant argues the trial court erred in denying defendant the opportunity to cross-examine Sergeant Tiffin about alleged misconduct. Specifically, defendant sought to ask the following questions in order to impeach the credibility of Sergeant Tiffin:

> 1. [D]uring the time that you have been employed with the Durham Police Department, have you not had a number of complaints filed against you?

> 2. And have you not been disciplined for some of these alleged incidents of misconduct?

> 3. Were you dismissed from the police department . . . for lying to your superior officers about an incident involving some officers under your command in a policemen's conduct matter?

N.C. Gen. Stat. § 8C-1, Rule 608(b) (1988) provides that specific instances of conduct may "in the discretion of the court, if probative

of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness . . . ." We find that the first two questions were properly excluded by the trial court because they do not address Sergeant Tiffin's character for truthfulness or untruthfulness. The third question, however, does specifically address the question of Sergeant Tiffin's veracity and should have been allowed. Although we find error in the exclusion of the question, defendant has failed to prove that there was a reasonable possibility that the outcome of the trial would have been different if the excluded evidence had been admitted. *See* N.C. Gen. Stat. § 15A-1443 (1988).

[7] Finally, defendant argues that the trial court erred in permitting the assistant district attorney to comment during the closing argument (1) about the lack of use of sirens in stopping cars for traffic violations; (2) about defendant's snickering as the officers described their injuries and his conduct; and (3) that "defendant's own testimony is consistent with what the officers said other than the two parts he made up, and ladies and gentlemen it always amazed me that whenever I try a case how the victims end up becoming the defendant." N.C. Gen. Stat. § 15A-1230(a) (1988) prohibits an attorney from injecting personal experiences and making arguments on the basis of matters outside the record, except for those matters of which the court may take judicial notice. "Whether counsel abuses this privilege is a matter ordinarily left to the sound discretion of the trial judge, and we will not review the exercise of this discretion unless there be such gross impropriety in the argument as would be likely to influence the verdict of the jury." *State v. Covington*, 290 N.C. 313, 328, 226 S.E.2d 629, 640 (1976) (citations omitted.) Addressing the first comment, although the statement may have encompassed matters outside the record, we do not find the statement to be prejudicial to defendant. As the State points out, the charges of assault on police officers were not related directly to the initial traffic stop of the defendant. As to the second comment, "urging the jurors to observe defendant's demeanor for themselves does not inject the prosecutor's own opinions into his argument, but calls to the jurors' attention the fact that evidence is not only what they hear on the stand but what they witness in the courtroom." *State v. Brown*, 320 N.C. 179, 199, 358 S.E.2d 1, 15, *cert. denied*, 484 U.S. 970, 98 L.Ed.2d 406 (1987). Finally, we find the third comment to be improper, but

we do not think the comment constitutes such gross impropriety as to influence the verdict of the jury. Defendant has failed to demonstrate prejudicial error, and his fourth assignment of error is therefore overruled.

No error.

Judges EAGLES and ORR concur.