STATE OF NORTH CAROLINA
v.
CHRIS VAREEN
No. COA05-649
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Durham County No. 96 CRS 30678.
Attorney General Roy Cooper, by Assistant Attorney General Jeffrey R. Edwards, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kelly D. Miller, for defendant-appellant.
MARTIN, Chief Judge.
A jury found defendant guilty of assault upon a law enforcement officer while the officer was discharging or attempting to discharge a duty of his office in violation of N.C. Gen. Stat. § 14-33(c)(4). Judgment was entered on the verdict sentencing defendant to 75 days imprisonment. Defendant appeals.
The evidence at trial tended to show the following: On 26 October 1996, Officer L.W. Cox of the Durham Police Department responded to an assault on a female call at the Shannon Manor Apartments in Durham. Officer R.D. Miller, Officer Cox's assist unit, and Officer Gooch also responded to the call. When Officer Cox arrived at the apartment in his marked patrol car, a female approached and began speaking to him. He noticed she was visibly shaken, was crying, and had a swollen, cut lip that was bleeding. A small child, who the female identified as her son, was also with her. The small child was crying and visibly upset. The female told Officer Cox that defendant, her boyfriend, had assaulted her and was still inside the apartment. She also informed Officer Cox that when her young son ran to her defense after defendant hit her, defendant pushed the child to the floor.
Based on the information given to Officer Cox by the female and his observation of her physical condition when he arrived at the scene, Officer Cox determined he had enough information to arrest defendant for the offense of assault on a female. Thus, Officers Cox and Miller entered the apartment where defendant was and announced they were with the Durham Police Department. When they eventually found defendant in an upstairs bedroom, Officer Cox advised defendant he was under arrest for assault on a female and instructed him to place his hands behind his back. Defendant swung at Officer Cox with a closed fist striking Officer Cox in the upper jaw so hard that he saw stars. In response, Officer Cox sprayed defendant with pepper spray. Defendant then began punching holes in the bedroom wall and punched the screen out of a small television in the bedroom. Thereafter, defendant jumped on the bed, attempted to dive head first out of the second story window, and crashed into the window. When Officer Cox pulled defendant away from the window, defendant continued to swing at and fight the officers. Once the officers were finally able to handcuff defendant, EMS was called. Thereafter, defendant was transported by ambulance to a hospital for treatment and subsequently released to the Durham County Jail.
Defendant argues the trial court erred by permitting Officer Cox to testify about the female's statements to him when he arrived at the apartment. Defendant contends the testimony was inadmissible hearsay because it was admitted to prove the truth of the matter asserted and its admission violated his rights under the Confrontation Clause as dictated by Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). We find no error.
The statutory offense of misdemeanor assault on a government officer or employee is codified as follows:
[A]ny person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she . . . [a]ssaults an officer or employee of the State or any political subdivision of the State, when the officer or employee is discharging or attempting to discharge his official duties[.]
N.C. Gen. Stat. § 14-33(c)(4)(1996). Accordingly, to convict a defendant of this offense, the State must allege and prove the following: (1) an assault (2) on a government official (3) in the actual or attempted discharge of his duties. See id.; State v. Crouse, 169 N.C. App. 382, 387, 610 S.E.2d 454, 458, disc. review denied, 359 N.C. 637, 616 S.E.2d 923 (2005). The offense of assault on a law enforcement officer presupposes lawful conduct on the part of the officer in discharging his duties. State v. Burton, 108 N.C. App. 219, 225, 423 S.E.2d 484, 487 (1992), appeal dismissed and disc. review denied, 333 N.C. 576, 429 S.E.2d 574 (1993).
For defendant to be convicted of assault on a law enforcement officer in violation of N.C. Gen. Stat. § 14-33(c)(4), the jury must determine, inter alia, whether Officer Cox was attempting to lawfully arrest defendant at the time defendant assaulted him. See Burton, 108 N.C. App. at 225, 423 S.E.2d at 488. Because a warrantless arrest is lawful if based upon probable cause, State v. Phillips, 300 N.C. 678, 683, 268 S.E.2d 452, 456 (1980), it was necessary to determine whether Officer Cox had probable cause to arrest defendant for the offense of assault on a female. The North Carolina Supreme Court has defined probable cause as:
a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . . . To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith.
State v. Zuniga, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984) (internal quotations and citations omitted).
Here, Officer Cox responded to a call regarding an assault on a female at an address in the Shannon Manor Apartments. When he arrived at the apartment in his marked patrol car, a visibly shaken female told him that defendant had assaulted her and pushed her young son to the floor. Defendant argues the trial court erred in allowing Officer Cox to testify about these statements because they are inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted" and is not admissible. N.C. Gen. Stat. § 8C-1, Rules 801(c) and 802 (2005). Out-of-court statements offered for purposes other than to prove the truth of the matter asserted, however, are not considered hearsay. State v. Carroll, 356 N.C. 526, 542, 573 S.E.2d 899, 910 (2002), cert. denied, 539 U.S. 949, 156 L. Ed. 2d 640 (2003). Our appellate courts have held that statements made by one person to another are admissible to explain the subsequent conduct of the person to whom the statement was made. See e.g., State v. Moore, 162 N.C. App. 268, 271, 592 S.E.2d 562, 564 (2004) (holding the trial court did not err in allowing two police officers to testify about statements made by a female after visiting the defendant on the grounds the statements were not offered to prove the female had been visiting the defendant, but instead were offered to explain the actions of the two police officers in talking to the defendant at the residence resulting in the defendant's arrest); Melton v. Hodges, 114 N.C. App. 795, 798, 443 S.E.2d 83, 85 (1994) (holding officer's testimony about statements made to officer by witnesses at the scene were not hearsay because they were admitted to show reasonable grounds to arrest petitioner and not used to show petitioner committed the offense for which he was arrested).
Here, Officer Cox's testimony regarding the statements made to him by the female were not introduced to prove the truth of the matter asserted, that is, to prove defendant committed the offense of assault on a female. Rather, the testimony was introduced to show Officer Cox had probable cause to lawfully arrest defendant for the offense of assault on a female. Accordingly, we conclude the trial court did not err in allowing Officer Cox's testimony.
Defendant further contends the admission of Officer Cox's testimony about the female's statements violated his rights under the Confrontation Clause as dictated by Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). As noted by the Supreme Court in Crawford and recognized by this State's appellate courts, however, the Confrontation Clause does not bar the use of statements made by others outside the courtroom if offered for a purpose other than proving the truth of their content. Id. at 59, n.9, 158 L. Ed. 2d at 197; State v. Lewis, 360 N.C. 1, ___, 619 S.E.2d 830, ___ (2005); State v. Bethea, ___ N.C. App. ___, ___, 617 S.E.2d 687, 695 (2005) (holding "the Confrontation Clause does not act as a bar to testimonial statements admitted for purposes other than the truth of the matter asserted"). Because Officer Cox's testimony was offered to show he had probable cause to lawfully arrest defendant and not to prove the truth of its content, Crawford does not apply here and defendant's rights under the Confrontation Clause were not violated. Accordingly, we conclude this assignment of error is without merit.
Defendant's remaining assignments of error are not addressed in his brief to this Court and, thus, are deemed abandoned. See N.C.R. App. P. 28(b)(6).
No error. Judges BRYANT and GEER concur.
Report per Rule 30(e).