STATE OF NORTH CAROLINA,
v.
TRAVIS LEE KIZER.
No. COA09-725.
Court of Appeals of North Carolina.
Filed: March 16, 2010.
This case not for publication
Roy Cooper, Attorney General, by Douglas A. Johnston, Special Deputy Attorney General, for the State.
J. Clark Fischer, for defendant-appellant.
MARTIN, Chief Judge.
Defendant was charged in bills of indictment with trafficking in cocaine by possession in violation of N.C.G.S. § 90-95(h)(3), trafficking in cocaine by transportation in violation of N.C.G.S. § 90-95(h)(3), and maintaining a vehicle for keeping or selling controlled substances in violation of N.C.G.S. § 90-108(a)(7). In apt time, he moved to suppress evidence seized from searches of his person and his vehicle.
The evidence at the suppression hearing tended to show that on 8 October 2005 at approximately 10:30 p.m, Master Deputy Barry Carroll ("Deputy Carroll") of the Wake County Sheriff's Office observed defendant driving a vehicle with no rear lights. Deputy Carroll stopped the vehicle and approached it, asking defendant for his license and registration. As Deputy Carroll was talking to defendant, he observed defendant shuffling around in his pockets and then appearing to push something under the passenger seat of the vehicle. Becoming concerned with this behavior, Deputy Carroll moved closer to the vehicle to observe defendant's actions. As defendant sat up, he pulled his license out of his pocket and handed it to Deputy Carroll. At this time, Deputy Carroll also observed that defendant had "a large wad of cash in [his] pocket." Defendant then handed Deputy Carroll his registration, which he had retrieved from his glove box. Deputy Carroll went back to his patrol car to run defendant's information and to call for a check-in. A search of defendant's criminal background revealed that defendant had previous assault and drug trafficking charges.
Soon after Deputy Carroll returned to his patrol car, Officer Grindel arrived at the scene. Deputy Carroll expressed to Officer Grindel his concerns about defendant's behavior and his desire to get defendant out of the vehicle so that he could complete the traffic stop. Deputy Carroll and Officer Grindel then approached defendant and asked him to exit his vehicle. Defendant became "extremely agitated, started cussing and hollering," and refused to get out of his vehicle. Deputy Carroll continued to ask defendant to get out of his vehicle, but he still refused.
Deputy Carroll then used his radio to call for more assistance. Deputy Barefoot and Deputy Walter Adams ("Deputy Adams"), a canine deputy assigned to a narcotics canine, responded to Deputy Carroll's request shortly thereafter. When they arrived, Deputy Adams assisted Deputy Carroll in removing defendant from his vehicle. According to Deputy Carroll, defendant was then handcuffed and arrested for resisting, delaying or obstructing a public officer. Deputy Carroll searched defendant's person and found two razor blades, a small bag of cocaine, and $2,466 in cash.
Deputy Carroll then requested that Deputy Adams search the vehicle with his drug dog. During this search, Deputy Adams's dog gave "a positive alert for narcotics in the lower portion of the passenger seat." Deputy Adams then looked under the seat and found a bag containing crack cocaine and a bank bag with $26,000 in United States currency. Defendant was taken into custody and charged with trafficking in cocaine by possession, trafficking in cocaine by transportation, and maintaining a vehicle for the purpose of keeping or selling controlled substances. He was also issued a citation for resisting, delaying, or obstructing a public officer and a tail-light violation.
The trial court denied defendant's motion to suppress, finding the facts generally as recited above, and concluding that the traffic stop was valid, Deputy Carroll was within his rights to remove defendant from his vehicle after he refused to exit on his own, and that the discovery of cocaine on defendant's person during the search incident to his arrest for resisting, delaying or obstructing a public officer provided the officers with probable cause to search the interior of the vehicle. Defendant subsequently pleaded guilty to trafficking cocaine by possession, trafficking cocaine by transportation, and maintaining a vehicle for keeping or selling controlled substances, reserving his right to appeal from the denial of his motion to suppress. He also pleaded guilty to a charge unrelated to the present appeal of possession of cocaine with intent to distribute. The trial court consolidated the offenses of trafficking cocaine by transportation, trafficking cocaine by possession, and maintaining a vehicle for keeping or selling a controlled substance and sentenced defendant to imprisonment for a minimum of 35 months and a maximum of 42 months.
In his sole argument on appeal, defendant contends that the trial court erred in denying his motion to suppress the evidence obtained from the search of his person and from the search of his vehicle. We disagree.
"Generally, an appellate court's review of a trial court's order on a motion to suppress is strictly limited to a determination of whether its findings are supported by competent evidence, and in turn, whether the findings support the trial court's ultimate conclusion." State v. Roberson, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735, writ of supersedeas, disc. review, and temporary stay denied, 358 N.C. 240, 594 S.E.2d 199 (2004) (internal quotation marks omitted). Where there is no challenge to the trial court's findings, they are deemed binding on appeal, and the only remaining question is whether the findings support the trial court's conclusions. Id. at 132, 592 S.E.2d at 735-36. Accordingly, since defendant has not challenged the trial court's findings, we need only determine whether these findings support the trial court's conclusion that evidence found on defendant's person and in defendant's vehicle was lawfully obtained.
Defendant first argues that Deputy Carroll was not justified in asking him to exit his vehicle. This Court has repeatedly held "that the Fourth Amendment is not violated when an officer requires a driver of a vehicle, stopped for a traffic violation, to exit the vehicle." State v. Hamilton, 125 N.C. App. 396, 400, 481 S.E.2d 98, 100, appeal dismissed and disc. review denied, 345 N.C. 757, 485 S.E.2d 302 (1997); accord State v. Shearin, 170 N.C. App. 222, 229, 612 S.E.2d 371, 377, appeal dismissed and disc. review denied, 360 N.C. 75, 624 S.E.2d 369 (2005) ("public safety and the safety of an officer justify directing a driver or passenger to exit the vehicle during a traffic stop"); accord State v. McGirt, 122 N.C. App. 237, 239, 468 S.E.2d 833, 835, motion to dismiss appeal denied, 344 N.C. 441, 476 S.E.2d 127 (1996), aff'd, 345 N.C. 624, 481 S.E.2d 288, cert. denied, 522 U.S. 869, 139 L. Ed. 2d 121 (1997) ("[T]he Fourth Amendment's proscription of unreasonable searches and seizures is not violated when the police order the driver of a lawfully detained vehicle to exit the vehicle."). This is because the important interests in keeping police officers and the public safe outweigh the de minimis intrusion of requesting a person to exit the vehicle. Pennsylvania v. Mimms, 434 U.S. 106, 111, 54 L. Ed. 2d 331, 337 (1977), on remand, 385 A.2d 334 (1978). In the present case, Deputy Carroll lawfully stopped defendant for a tail-light violation. While talking with defendant, Deputy Carroll observed him pushing something under the passenger seat of the vehicle. Concerned that defendant may have a gun, he decided to have defendant get out of his vehicle so that he could continue issuing a citation.
Defendant, relying on United States v. Rusher, 966 F.2d 868 (4th Cir. 1992), cert. denied, 506 U.S. 926, 121 L. E. 2d 266 (1992), argues that Deputy Carroll, though justified in initiating the traffic stop, exceeded the scope of what is permissible for a roadside detention. In Rusher, the Fourth Circuit Court of Appeals stated that during a traffic stop, a police officer
may request a driver's license and vehicle registration, run a computer check, and issue a citation. When the driver has produced a valid license and proof that he is entitled to operate the car, he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning. Any further detention for questioning is beyond the scope of the Terry stop and therefore illegal unless the officer has a reasonable suspicion of a serious crime.
Rusher, 966 F.2d at 876-77 (citations and internal quotation marks omitted). This Court has similarly stated that "[o]nce the original purpose of the stop has been addressed, in order to justify further delay, there must be grounds which provide the detaining officer with additional reasonable and articulable suspicion or the encounter must have become consensual." State v. Jackson, ___ N.C. App. ___, ___, 681 S.E.2d 492, 496 (2009). Thus, defendant is correct in his assertion that a police officer cannot further detain a person once the traffic stop is complete without a reasonable suspicion that the person is involved in a crime other than that which was the subject of the initial stop. See id. However, where the officer is still completing the initial traffic stop, the officer clearly may require the person to exit the vehicle so that he may safely complete his duties. See Shearin, 170 N.C. App. at 229, 612 S.E.2d at 377. Thus, we conclude Deputy Carroll was justified in asking defendant to exit the vehicle.
Defendant next argues that his actions did not provide Deputy Carroll with sufficient probable cause to arrest him for resisting, delaying or obstructing a public officer. An officer may make a warrantless arrest if it "is based upon probable cause." State v. Burton, 108 N.C. App. 219, 225, 423 S.E.2d 484, 488 (1992), appeal dismissed and disc. review denied, 333 N.C. 576, 429 S.E.2d 574 (1993). "Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." State v. Zuniga, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984) (internal quotation marks omitted). The crime of resisting, obstructing or delaying a public officer only requires proof that "the officer was obstructed or interfered with, and that such obstruction or interference was willful on the part of the defendant." Burton, 108 N.C. App. at 225, 423 S.E.2d at 488 (internal quotation marks omitted). "Actual physical force or assault is not necessary." Id.
In the present case, Deputy Carroll observed defendant putting his hand under the passenger seat. As noted earlier, for the officer's own safety, he lawfully asked defendant to exit his vehicle so that he could complete the traffic stop. Defendant repeatedly refused to get out of the vehicle and "began cursing and asking why he was stopped." By refusing to get out of the vehicle, a reasonable person could conclude that defendant willfully interfered with Deputy Carroll's ability to carry out his duties during the traffic stop. See id. at 226, 423 S.E.2d at 488 (finding probable cause existed to arrest the defendant for resisting, obstructing or delaying a public officer when the defendant prevented the officer from performing his duties during a traffic stop by speaking loudly and refusing to return to his vehicle after numerous requests). Accordingly, Deputy Carroll had probable cause to arrest defendant for resisting, delaying or obstructing a public officer.
Defendant finally contends that even if his actions justified an arrest for resisting, delaying or obstructing a public officer, he was only issued a citation for this charge. Thus, he contends, the officers could not lawfully conduct a search incident to arrest. We disagree.
In its order denying defendant's motion to suppress, the trial court specifically found that defendant was removed from the vehicle and "placed under arrest for Resist, Delay and Obstruct." Defendant has not challenged this finding, and thus, it is binding on appeal. Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Additionally, this Court has held that, for the purposes of determining the validity of a search incident to arrest, a person is deemed to be lawfully arrested when an officer, who has probable cause to make an arrest, curtails "the suspect's freedom of action . . . to a degree associated with a formal arrest." State v. Logner, 148 N.C. App. 135, 138, 557 S.E.2d 191, 194 (2001) (internal quotation marks omitted). Thus, at the time Deputy Carroll pulled defendant from his vehicle and placed him in handcuffs, defendant was under arrest. See State v. Ausborn, 26 N.C. App. 481, 483, 216 S.E.2d 396, 398 (1975) (finding a defendant was under arrest when an officer, who had probable cause to believe the suspect "was in the possession of cocaine[,]" "drew a revolver on the defendant, . . . ordered the defendant to take his hand out of his pocket, to get out of his car, and to lean against the vehicle, and . . . informed the defendant that he was suspected of being in the possession of cocaine"). Since Deputy Carroll had probable cause to arrest defendant for resisting, obstructing or delaying a public officer, the arrest was lawful. See Burton, 108 N.C. App. at 225, 423 S.E.2d at 488. Accordingly, the search of defendant's person was a lawful search incident to arrest. See State v. Carter, ___ N.C. App. ___, ___, 682 S.E.2d 416, 419 (2009) (stating that under the search incident to a lawful arrest exception to the warrant requirement, "an officer may conduct a warrantless search of the arrestee's person and the area within the arrestee's immediate control" (internal quotation marks omitted)). The manner in which defendant was eventually charged with the crime of resisting, obstructing or delaying a public officer does not alter the fact that defendant was lawfully arrested at the time of the search, especially in light of the unchallenged finding that he was under arrest at that time. See Logner, 148 N.C. App. at 138, 557 S.E.2d at 194 ("The test for determining whether an individual is in custody or under arrest is whether, under the totality of the circumstances, the suspect's freedom of action is curtailed to a degree associated with formal arrest." (internal quotation marks omitted)); see also U.S. v. Pratt, 355 F.3d 1119, 1121-24 (8th Cir. 2004) (finding that the search of the defendant was a lawful search incident to arrest when the officers had probable cause to arrest the defendant for violating a state and local law and in fact arrested defendant by physically restraining him, despite the fact that defendant was ultimately given a ticket for this offense). Thus, we find the search of defendant's person was lawful. The cocaine found in defendant's pocket provided the officers with probable cause to search the defendant's vehicle. See State v. Green, ___ N.C. App. ___, ___, 670 S.E.2d 635, 637, aff'd per curiam, 363 N.C. 620, 683 S.E.2d 208 (2009) ("A search of a motor vehicle which is on a public roadway or in a public vehicular area is not in violation of the Fourth Amendment if it is based on probable cause, even though a warrant has not been obtained." (internal quotation marks omitted)). Accordingly, the trial court properly denied defendant's motion to suppress the evidence found on defendant's person and in defendant's vehicle.
Affirmed.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).