PHYLLIS JOHNSON, ADMINISTRATRIX OF THE ESTATE OF FREDERIC NORMAN JOHNSON, PLAINTIFF v. RAYFIELD SMITH, DEFENDANT

No. 8914SC292

(Filed 20 February 1990)

**Judgments § 36 (NCI3d) — defensive pleading of collateral estoppel — mutuality of estoppel not required**

The trial court in a wrongful death action properly found that the pleading of collateral estoppel in bar of plaintiff's claims was a defensive use, and mutuality of estoppel was therefore not required where defendant was a party in the prior action, but plaintiff took a voluntary dismissal without prejudice as to him; though defendant was technically not a party when the judgment in the first action was rendered, his negligence was a critical issue in that lawsuit; likewise, the issue of plaintiff's intestate's contributory negligence was critical to a determination of the automobile accident's proximate cause; both of those issues were fully litigated; both were decided by a jury; no appeal from the judgment in the first action was perfected, and it constituted a final judgment on the liability of defendant and, derivatively, of his em-

ployers; and plaintiff attempted to reopen exactly the issues which were closed by the prior action.

**Am Jur 2d, Judgments §§ 521-523.**

APPEAL by plaintiff from Order of *Judge Howard E. Manning, Jr.,* entered 2 December 1988 in DURHAM County Superior Court. Heard in the Court of Appeals 21 September 1989.

*Michael E. Mauney; and Charles Darsie for plaintiff appellant.*

*Newsom, Graham, Hedrick, Bryson and Kennon, by E. C. Bryson, Jr., Joel M. Craig and Mark E. Anderson, for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from an Order granting defendant's motion for summary judgment and denying plaintiff's motion for judgment on the pleadings or, in the alternative, partial summary judgment. We affirm the trial court's order.

The case below involves two legal actions. In both, the plaintiff alleged that defendant Rayfield Smith caused the wrongful death of plaintiff's intestate, Frederick Johnson.

In the first action, No. 85CVS1790, plaintiff sued Rayfield Smith, J. M. Tull Industries, Inc., and Ryder Truck Rentals, Inc. Smith was the driver of an eighteen-wheel truck (owned by Ryder and leased for use by J. M. Tull) that collided with a car driven by plaintiff's intestate. Plaintiff alleged that Smith's negligent operation of the truck caused the accident. In their answer the defendants pleaded contributory negligence as a bar to plaintiff's recovery of damages.

During trial the plaintiff took a voluntary dismissal without prejudice as to defendant Rayfield Smith. The judge submitted three issues to the jury and instructed them as follows:

Issue 1. Was the death of Fredrick Norman Johnson proximately caused by the negligence of the driver, Rayfield Smith and the defendants J. M. Tull Industries Incorporated and Ryder Truck Rental Incorporated[?] In other words, should you find negligence on the part of Rayfield Smith, that negligence, as a matter of law, will be laid at the door of the defendants J. M. Tull Industries and Ryder Truck Rental Incorporated. . . . [Issue 2] Did Fredrick Norman Johnson by

JOHNSON v. SMITH

[97 N.C. App. 450 (1990)]

his own negligence contribute to his death[?]. . . . [Issue 3] [W]hat amount of damages is Phyllis Johnson, as the Administratrix of the Estate of Fredrick Norman Johnson the deceased, [entitled to recover] by reason of the death of Fredrick Norman Johnson[?]

The judge further instructed the jurors that an answer of yes to the first and second issues "would become your verdict and would end the lawsuit and you would not consider the third issue." The jury found Smith negligent and Johnson contributorily negligent.

On 20 May 1988, plaintiff initiated the second legal action (No. 88CVS1708), the case below. Rayfield Smith was named as the sole defendant; the allegations in the second action are otherwise virtually identical to those in the first. In his answer the defendant pleaded the judgment in case No. 85CVS1790 as a bar to plaintiff's claims.

On 3 October 1988, the plaintiff moved for judgment on the pleadings or for partial summary judgment. On 19 October 1988, the defendant moved for summary judgment. During the hearing on those motions, the trial court received amended pleadings, briefs, arguments from counsel, and affidavits submitted by the defendant. After the hearing, the court considered additional written arguments. On 2 December 1988, in granting summary judgment, the court found "specifically that the pleading of collateral estoppel in bar of the plaintiff's claims . . . is a defensive use as contemplated by the *McInnis v. Hall* decision."

The sole question presented on appeal is whether the trial court erred in its application of collateral estoppel.

Collateral estoppel, also known as issue preclusion, is rooted in respect for the finality of judgments and the need for judicial economy. Collateral estoppel is not concerned with whether an issue was correctly decided. It is appropriately applied when the following requirements are met:

(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973). Where a litigant seeks to assert collateral estoppel defensively, North Carolina no longer requires mutuality of estoppel. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 434, 349 S.E.2d 552, 560 (1986). In other words, the litigant invoking collateral estoppel need not have been a party to or in privity with a party in the first lawsuit "as long as the party to be collaterally estopped had a full and fair opportunity to litigate the issue in the earlier action." *Id.* at 432, 349 S.E.2d at 559.

The plaintiff contends that the defendant seeks to put collateral estoppel to an offensive use and that "to allow the defendant Smith to use collateral estoppel on an issue, contributory negligence, on which he has the burden of pleading and the burden of proof" would be contrary to *McInnis*. We find no support for plaintiff's argument in the procedural facts of the case below.

Defensive use of collateral estoppel "means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense." Annotation, *Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment*, 31 A.L.R. 3d 1044, 1048 (1970). While defendant Rayfield Smith was not, in a technical sense, a party when the judgment in the first action was rendered, his negligence was a critical issue in that lawsuit. Likewise, the issue of Norman Johnson's contributory negligence was critical to a determination of the accident's proximate cause. Both of those issues were fully litigated; both were decided by a jury. No appeal from the judgment in the first action was perfected. It constituted a final judgment on the liability of Smith and, derivatively, of his employers.

In the case below the plaintiff attempted to reopen exactly the issues that were closed by case No. 85CVS1790. To bar the plaintiff's claims the defendant set up collateral estoppel, an affirmative defense which must be pleaded or lost. In these circumstances, the defendant's use of collateral estoppel was both defensive and dispositive.

The trial court's order of 2 December 1988 is

Affirmed.

Judges PHILLIPS and LEWIS concur.