DELORES MAE HILL, PLAINTIFF v. WINN-DIXIE CHARLOTTE, INC. AND BABBI MOORE, AND MARCUS MARSHALL, DEFENDANTS

No. 8917SC1380

(Filed 30 October 1990)

**Malicious Prosecution § 11.2 (NCI3d) — shoplifting — conviction in district court and acquittal in superior court — underlying probable cause for malicious prosecution**

The trial court did not err by granting a directed verdict for defendants in a malicious prosecution action arising from plaintiff's alleged shoplifting where plaintiff was convicted in district court and acquitted in superior court. Evidence that plaintiff was convicted of the charges forming the basis for the malicious prosecution action conclusively establishes the existence of probable cause even where plaintiff is later acquitted of the charge. Although plaintiff contended that her district court conviction was procured by fraud or other unfair means, her acquittal in superior court standing alone does not make a prima facie case for malicious prosecution and inaccurate or conflicting testimony does not alone constitute perjury.

**Am Jur 2d, Malicious Prosecution §§ 71, 75, 130, 132, 134, 167, 179.**

**Conclusiveness, as evidence of probable cause in malicious prosecution action, of conviction as affected by the fact that it was reversed or set aside. 86 ALR2d 1090.**

APPEAL by plaintiff from judgment entered 21 September 1989 by *Judge Melzer A. Morgan Jr.*, in ROCKINGHAM County Superior Court. Heard in the Court of Appeals 22 August 1990.

Plaintiff Delores Hill was served with a civil summons on 10 March 1987 alleging the offense of shoplifting. Plaintiff pled not guilty in district court, but was convicted and appealed. She was found not guilty by a jury in superior court on 18 May 1988.

**HILL v. WINN-DIXIE CHARLOTTE, INC.**

[100 N.C. App. 518 (1990)]

Plaintiff filed this suit on 6 June 1988 against defendants asserting claims of false imprisonment, malicious prosecution, abuse of process, slander and libel. At the trial on 5 September 1989, the judge dismissed all the claims except the action for malicious prosecution pursuant to N.C.R. Civ. P. 12(b)(6). At the close of plaintiff's evidence, the trial court granted defendants' motion dismissing plaintiff's remaining claim pursuant to N.C.R. Civ. P. 50. From that judgment, plaintiff appeals.

The record and briefs reveal the following facts:

On the evening of 10 March 1987, plaintiff was shopping in the Winn-Dixie Store in Reidsville, North Carolina, with her nine-year-old son. Both individual defendants, Babbi Moore and Marcus Marshall, were Winn-Dixie employees working in the store on the night of plaintiff's arrest.

Defendant Moore testified at both shoplifting trials and in the trial of this matter that she observed plaintiff place eight bottles of Primatene tablets in her jacket pockets as she shopped. Ms. Moore notified Marcus Marshall of her suspicions and contacted the police. Mr. Marshall testified that he saw plaintiff take a white spool of thread out of her pocket and place it back on a display rack. After plaintiff passed through the check-out lane, Mr. Marshall asked plaintiff to step aside and return any merchandise that she had not paid for. Plaintiff denied taking any item, but she was charged with unlawfully concealing eight bottles of Primatene tablets.

Plaintiff testified that on the night of the incident she placed eight packages of Primatene tablets in her shopping cart along with other items. As she proceeded through the store, she conversed with a friend, who advised Ms. Hill that she could purchase the Primatene tablets cheaper at a drug store. Prior to going through the check-out line, plaintiff placed four Primatene tablet boxes back on a shelf at one point inside the store and the remaining four back on a shelf at a separate location.

During the trial of this matter, Ms. Moore testified that in her earlier testimony she had made "an incorrect statement" concerning where Mr. Marshall was standing when she approached him on the night in question. She had testified during the shoplifting trial that Mr. Marshall had been standing in the back of the Winn-Dixie store when she first approached him. In his testimony

Mr. Marshall stated that he never left the front of the store prior to stopping Ms. Hill.

Both individual defendants and the corporate defendant admitted that the two individual defendants violated the shoplifting policy of the store in that they did not individually keep plaintiff under constant observation after she allegedly took the merchandise. Furthermore, Mr. Marshall did not personally see Ms. Hill conceal the merchandise. Also in violation of the policy, Mr. Marshall stopped plaintiff before she had left the store premises.

An attorney testified that he saw Ms. Moore laugh during plaintiff's testimony in the district court trial.

*Daniel K. Bailey for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Kari L. Russwurm and Robert W. Kaylor, for defendant appellees.*

ARNOLD, Judge.

In her first assignment of error, plaintiff argues that the superior court committed reversible error in granting defendants' motion for dismissal pursuant to Rule 50. A motion for directed verdict tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E.2d 193 (1982). A court reviewing such a motion must consider the evidence in the light most favorable to the nonmoving party. The motion is granted only if the evidence is insufficient, as a matter of law, to support a verdict for the nonmoving party. *Eatman v. Bunn*, 72 N.C. App. 504, 325 S.E.2d 50 (1985).

To prevail on a claim of malicious prosecution, plaintiff has the burden of establishing the following four elements: "(1) that defendant initiated the earlier proceeding; (2) that he did so maliciously; and (3) without probable cause; and (4) that the earlier proceeding terminated in plaintiff's favor." *Jones v. Gwynne*, 312 N.C. 393, 397, 323 S.E.2d 9, 11 (1984) (quoting *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979)).

The focus in this case is on the third element, whether or not the suit against Ms. Hill was initiated with probable cause. "Probable cause depends upon whether there was a reasonable ground for suspicion, supported by circumstances sufficiently strong

to warrant a cautious man's belief in the guilt of the accused." *Gray v. Gray*, 30 N.C. App. 205, 208, 226 S.E.2d 417, 419 (1976). The critical time for determining whether or not probable cause existed is when the prosecution begins. *Williams v. Boylan-Pearce, Inc.*, 69 N.C. App. 315, 318, 317 S.E.2d 17, 19 (1984), *aff'd*, 313 N.C. 321, 327 S.E.2d 870 (1985).

Evidence showing that a plaintiff was convicted of charges forming the basis for the malicious prosecution action conclusively establishes the existence of probable cause, even where the plaintiff is later acquitted of the charges, unless the plaintiff can establish that the conviction was procured by fraud or other unfair means. *Myrick v. Cooley*, 91 N.C. App. 209, 213, 371 S.E.2d 492, 495 (1988). Thus, in the instant case, plaintiff's conviction in district court constitutes conclusive evidence of probable cause and can only be rebutted by evidence that the conviction was procured by fraud or other unfair means.

Plaintiff erroneously contends that her acquittal in superior court is sufficient to demonstrate that her district court conviction was procured by fraud or other unfair means. This is simply an attempt to use the first and fourth elements of a claim for malicious prosecution—that defendant initiated the earlier proceeding and that it terminated in plaintiff's favor—to prove the third element, that no probable cause existed when the suit was initiated. Standing alone, a plaintiff's acquittal does not make out a *prima facie* case for malicious prosecution. *Fowle v. Fowle*, 263 N.C. 724, 729, 140 S.E.2d 398, 402 (1965).

Plaintiff also asserts that her conviction in district court was fraudulently or unfairly procured because it was based on perjured testimony. To support her contention, plaintiff relies on *Moore v. Winfield*, 207 N.C. 767, 178 S.E. 605 (1935), the only North Carolina case we are aware of where a plaintiff in a malicious prosecution action overcame the conclusive effect of a prior conviction. *Moore*, however, is distinguishable because the evidence in that case established that at the earlier trial the plaintiff had been convicted by perjured testimony that was procured by threats, intimidation and promises of reward. *Id.* at 770, 178 S.E. at 607.

Moreover, plaintiff has failed even to show that perjured testimony was given in this case. Plaintiff points to several statements made by defendants as examples of perjury. She argues that because a jury found her not guilty, defendants' testimony

that she concealed the tablets must be false. She then concludes that defendants must have made the false statements knowing that they were false. Plaintiff also relies upon several inaccurate statements made by Ms. Moore regarding the location of Mr. Marshall in the store prior to plaintiff's arrest. Finally, she relies upon conflicts in the testimony regarding when plaintiff concealed the Primatene tablets as evidence of perjury.

Despite plaintiff's contentions, none of these statements constitute perjury. Perjury is "a false statement under oath, knowingly, willfully and designedly made, . . . as to some matter material to the issue or point in question." *State v. Arthur*, 244 N.C. 582, 584, 94 S.E.2d 646, 647 (1956) (citations omitted). False statements made unintentionally or with an honest belief that one is telling the truth are not perjurious. *State v. Phillips*, 297 N.C. 600, 256 S.E.2d 212 (1979). Plaintiff has failed to demonstrate that defendants' statements concerning her actions in the store were made with the knowledge that they were false. Quite the contrary, the record reveals that Ms. Moore and Mr. Marshall have consistently testified that they believed plaintiff concealed property of Winn-Dixie on her person on 10 March 1987. Furthermore, the testimony concerning Mr. Marshall's location in the store, while inaccurate, does not constitute perjury and was not a material issue in the shoplifting trials. Finally, the conflicts in the testimony regarding when plaintiff concealed the tablets do not alone constitute perjury.

Plaintiff has failed to produce any evidence that her district court conviction was procured by fraud or unfair means. Accordingly, that conviction stands as conclusive evidence that probable cause existed when the shoplifting action was instituted, and therefore she cannot prevail here as a matter of law. The trial court acted properly in granting a directed verdict in defendants' favor.

Our holding here makes it unnecessary to examine plaintiff's other assignment of error.

Affirmed.

Judges COZORT and GREENE concur.