BURTON v. CITY OF DURHAM

[118 N.C. App. 676 (1995)]

———

DONALD BURTON, Appellant v. THE CITY OF DURHAM, TREVOR HAMPTON, C. M. TIFFIN, T. M. TAYLOR and C. M. ALLEN in their official and individual capacities, Appellees

No. 9414SC365

(Filed 16 May 1995)

**1. Judgments § 226 (NCI4th)— defense of collateral estoppel—mutuality of parties not required**

Mutuality of parties is not required when collateral estoppel is used defensively.

**Am Jur 2d, Judgments §§ 514-523.**

**2. Judgments § 314 (NCI4th)— civil rights action—matters previously determined in criminal proceeding—collateral estoppel applicable**

Collateral estoppel may be used to preclude relitigation in a civil rights action of issues previously determined in a prior criminal proceeding.

**Am Jur 2d, Judgments §§ 614 et seq.**

BURTON v. CITY OF DURHAM

[118 N.C. App. 676 (1995)]

3. **Judgments § 314 (NCI4th)— abridgement of free speech by arrest—issue previously determined in criminal prosecution**

Plaintiff was collaterally estopped to assert that defendant police officers violated his free speech rights under the First Amendment in that they arrested him under N.C.G.S. § 14-223 merely because he verbally protested his arrest, since that issue was conclusively established against plaintiff by his conviction in superior court for three counts of assault on a law enforcement officer.

**Am Jur 2d, Judgments §§ 614 et seq.**

4. **Judgments § 314 (NCI4th)— violation of civil rights alleged—lawfulness of detention and arrest—issues previously determined**

In plaintiff's action alleging violation of his civil rights during an arrest, issues as to whether the detention and arrest were lawful had already been litigated in plaintiff's criminal prosecution, and summary judgment for defendants on plaintiff's claims of unreasonable search and seizure and use of excessive force in the arrest was proper.

**Am Jur 2d, Judgments §§ 614 et seq.**

5. **Constitutional Law § 86 (NCI4th)— no violation of civil rights during arrest**

There was no merit in plaintiff's allegation that his civil rights under North Carolina law were violated during an arrest because he was arrested for committing the infraction of exceeding a safe speed, officers conducted a registration check pursuant to a stop for exceeding safe speed, and officers used handcuffs during the arrest since (1) officers lawfully arrested plaintiff for resisting or obstructing an officer; (2) plaintiff's conviction in district court of exceeding safe speed established that there was probable cause to stop plaintiff for this infraction, and an officer could lawfully do a registration check when he had probable cause to stop plaintiff for an infraction; and (3) it was established that officers did not use excessive force in arresting plaintiff, and the use of handcuffs was not unauthorized or unreasonable.

**Am Jur 2d, Civil Rights §§ 3, 4.**

**6. Conspiracy § 12 (NCI4th)— conspiracy to violate constitutional rights—insufficiency of evidence**

Evidence was insufficient to show that defendant police officers had a meeting of the minds with racial animus to deprive plaintiff of his constitutional rights where it was established that defendants had probable cause to arrest plaintiff, the arrest was not achieved with excessive force, and plaintiff's First Amendment rights were not violated; defendants did not conspire to make a racial slur which plaintiff contended one defendant made; and none of the evidence presented by plaintiffs supported an inference that defendants as a group had the racial animus required under 42 U.S.C. § 1985(3).

**Am Jur 2d, Conspiracy §§ 68, 69.**

Appeal by plaintiff from order signed 22 November 1993 and filed 29 November 1993 by Judge Dexter Brooks in Durham County Superior Court. Heard in the Court of Appeals 2 February 1995.

*Irving Joyner for plaintiff-appellant.*

*Faison & Fletcher, by Reginald B. Gillespie, Jr., Keith D. Burns, and O. William Faison, for defendants-appellees City of Durham, Trevor Hampton, T. M. Taylor, and C. M. Allen and Maxwell & Hutson, by James B. Maxwell, for defendant-appellee C. M. Tiffin.*

LEWIS, Judge.

Plaintiff appeals from the grant of summary judgment for defendants and from the denial of his motion for summary judgment. Plaintiff seeks relief under 42 U.S.C. §§ 1981, 1983, and 1985 claiming that defendants violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and comparable rights under the North Carolina Constitution. Plaintiff alleges that these violations occurred during the course of his detention and arrest by defendants, police officers employed by the City of Durham.

Defendants' evidence shows the following: On 2 January 1990 plaintiff was stopped for speeding by defendant Tiffin. After a pursuit with blue lights, plaintiff stopped his car in a parking lot in Durham. Officer Tiffin asked for plaintiff's driver's license and registration. Plaintiff did not have the registration papers so Officer Tiffin asked plaintiff to wait while he checked the information by radio. Plaintiff

approached the patrol car and began questioning Officer Tiffin repeatedly in a loud voice. Officer Tiffin asked plaintiff several times to stop interfering and return to his car. After plaintiff continued his protestations, Officer Tiffin told him he was under arrest for resisting, delaying, and obstructing a law enforcement officer. Plaintiff refused to submit to the arrest, folding his arms across his chest and leaning back against the patrol car. Officer Tiffin radioed for assistance and Officers Taylor and Allen responded. As plaintiff resisted attempts by the three officers to arrest him, Officer Taylor struck plaintiff twice on the wrist with a nightstick to subdue him. Eventually plaintiff was handcuffed.

Evidence presented by plaintiff shows the following: He was driving at the proper speed prior to the stop. After being stopped by Officer Tiffin, plaintiff protested the arrest repeatedly and loudly and asked to speak to a superior officer. All three officers physically subdued plaintiff. Officer Taylor struck plaintiff on the head and neck with his nightstick. Officer Taylor stepped on plaintiff's wrist to close the handcuff and when plaintiff complained that the cuffs were too tight and his wrist was broken, Officer Taylor said, "[W]ell, I hope you broke it, you damn nigger, for hurting my hand."

As a result of the above incident, plaintiff was charged and convicted in Durham County District Court of exceeding a safe speed and three counts of assault on a law enforcement officer. Plaintiff was also charged with resisting, obstructing, or delaying an officer in the performance of his duties under N.C.G.S. § 14-223. It is not clear from the record whether plaintiff was convicted of this offense in district court. On appeal to superior court, the jury found plaintiff guilty of three counts of assault on a law enforcement officer under N.C.G.S. § 14-33(b)(4) (now renumbered as section 14-33(b)(8)). The resisting, obstructing, or delaying an officer and exceeding safe speed charges were dismissed. On appeal, this Court held no error. *State v. Burton*, 108 N.C. App. 219, 423 S.E.2d 484 (1992), *appeal dismissed and disc. review denied*, 333 N.C. 576, 429 S.E.2d 574 (1993).

On 31 December 1990, plaintiff filed this civil rights action. Summary judgment was granted to defendants by order filed 29 November 1993.

The issue on appeal is whether the trial court erred in granting summary judgment to defendants and denying summary judgment to plaintiff. We affirm.

Defendants claim that plaintiff is collaterally estopped from litigating the issues underlying his claims. Plaintiff claims that lack of mutuality of parties prevents the application of collateral estoppel here.

[1] Neither the United States Supreme Court nor our Supreme Court requires mutuality of parties when collateral estoppel is used defensively, as defendants seek to do here. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327-28, 58 L. Ed. 2d 552, 560 (1979) *and Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 434, 349 S.E.2d 552, 560 (1986). Collateral estoppel precludes relitigation of an identical issue actually litigated and necessary to the outcome in a prior action that resulted in a final judgment on the merits. *Parklane Hosiery Co.*, 439 U.S. at 326 n.5, 58 L. Ed. 2d at 559 n.5; *Thomas M. McInnis & Assoc., Inc.*, 318 N.C. at 428-29, 349 S.E.2d at 557.

[2] This Court has upheld collateral estoppel of an issue in a civil suit when that issue was previously established as an element in a criminal conviction. *See Hill v. Winn-Dixie Charlotte, Inc.*, 100 N.C. App. 518, 397 S.E.2d 347, 349 (1990) (plaintiff's conviction in district court is conclusive as evidence of probable cause in a subsequent civil case for malicious prosecution unless plaintiff can produce evidence that the conviction was procured by fraud or unfair means). Indeed, the United States Supreme Court has upheld the use of collateral estoppel to preclude relitigation in a civil rights action of issues previously determined in a prior criminal proceeding. *See Allen v. McCurry*, 449 U.S. 90, 103-05, 66 L. Ed. 2d 308, 318-20 (1980).

We now apply these principles to determine the propriety of summary judgment on plaintiff's claims.

### First Amendment Claim

[3] Plaintiff claims that defendants violated his free speech rights under the First Amendment of the United States Constitution in that they arrested him under N.C.G.S. § 14-223 merely because he verbally protested the arrest.

Section 14-223 makes it a misdemeanor for any person to "willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office." N.C.G.S. § 14-223 (1993). " '[M]erely remonstrating with an officer in behalf of another, or criticizing an officer while he is performing his duty does not amount to obstructing, hindering, or interfering with an officer' " under this section. *State v. Allen*, 14 N.C. App. 485, 491, 188 S.E.2d

568, 573 (1972) (quoting 58 Am. Jur. 2d, *Obstructing Justice* §§ 12 and 13, pp. 863, 864). Communications simply intended to assert rights, seek clarification or obtain information in a peaceful way are not chilled by section 14-223. *State v. Singletary*, 73 N.C. App. 612, 615, 327 S.E.2d 11, 13 (1985) (citing *State v. Leigh*, 278 N.C. 243, 251, 179 S.E.2d 708, 713 (1971)). Only those communications intended to hinder or prevent an officer from carrying out his duty are discouraged by this section; and the section's restrictions on such communication do not violate the First or Fourteenth Amendments. *Id.*

Defendants argue that the issue of whether plaintiff's First Amendment rights were violated has been conclusively established against him by his conviction in superior court for three counts of assault, which superior court conviction was upheld by this Court on appeal. At the superior court criminal trial, plaintiff litigated the issue of whether he was arrested merely for his verbal protests. The court instructed the jury that they must find that the arrest was lawful as an element of the offense of assault on a law enforcement officer. The instruction on this element was as follows:

> And, fourth, that this arrest was a lawful arrest. The arrest would be lawful if at the time the officers made it, the officer had probable cause to believe that the defendant had committed a criminal offense in his presence. Delaying or obstructing a public officer in discharging a duty of his office is a criminal offense. I repeat, that the officer must have had probable cause to believe that the defendant had committed the offense of delaying and obstructing a public officer in discharging a duty of his office. Such probable cause would exist if the circumstances surrounding the defendant's conduct were sufficient to warrant a prudent person in believing that the defendant was committing the criminal offense in question. *Merely remonstrating with an officer, protesting, objecting, questioning or criticizing an officer when he is performing his duties, does not amount to delaying and interfering an officer, they, in temperance [sic] language, used without apparent purpose is not sufficient, although force or threatened force is not always an indispensable ingredient of the offense of interfering with an officer in the discharge of his duty, mere remonstrating or criticizing an officer is not usually held to be the equivalent of unlawful interference.*

(Emphasis added). As the instruction shows, the jury was required to find probable cause to arrest and that plaintiff was not arrested for

"merely remonstrating" with the officer, in order to find that the arrest was lawful. Since, after full litigation of this issue, the jury necessarily found that plaintiff was not arrested for his verbal protests, plaintiff is precluded from litigating it again here. Summary judgment for defendants on plaintiff's claim under the First Amendment is affirmed.

### Fourth and Fourteenth Amendment (Due Process) Claims

[4] Plaintiff claims that defendants violated his rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizure by stopping him without reasonable suspicion and arresting him without probable cause and with excessive force. He also claims that defendants violated his due process rights under the Fourteenth Amendment by the use of excessive force in the arrest. We affirm summary judgment for defendants on these claims.

The existence of probable cause is an absolute bar to a civil rights claim for false arrest. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985). This court has already determined that there was reasonable suspicion to stop plaintiff's vehicle. *Burton*, 108 N.C. App. at 226, 423 S.E.2d at 488. Probable cause to arrest and the fact that the officers did not use excessive force have also been established by the superior court jury finding that the arrest was lawful. *Id.* at 226-27, 423 S.E.2d at 488-89. Since the issues of whether the detention and arrest were lawful have already been litigated by plaintiff and necessarily decided in the criminal case, they may not now be relitigated. Summary judgment for defendants on plaintiff's Fourth Amendment and Fourteenth Amendment (due process) claims was proper.

### Other Illegal Detention Claims

[5] Plaintiff claims that North Carolina law prohibits his arrest for committing the infraction of exceeding a safe speed. However, plaintiff was not arrested for that infraction. It has already been established that defendants had probable cause to arrest plaintiff for resisting, delaying or obstructing an officer. *Id.* The fact that he may also have been cited for an infraction does not invalidate the lawful arrest. This claim is without merit.

Plaintiff also claims that his rights under North Carolina law were violated by the registration check pursuant to the stop for exceeding safe speed. Plaintiff's conviction in district court of exceeding safe speed establishes that there was probable cause to stop plaintiff for

this infraction. This is true even though the district court conviction was appealed to and dismissed by the superior court. *See Myrick v. Cooley*, 91 N.C. App. 209, 213-14, 371 S.E.2d 492, 495, *disc. review denied*, 323 N.C. 477, 373 S.E.2d 865 (1988). N.C.G.S. § 15A-1113 (1988) authorizes an officer who has probable cause to believe that a person has committed an infraction to detain that person for a reasonable period in order to issue and serve him a citation. Plaintiff cites no North Carolina cases that construe this statute to mean that an officer cannot do a registration check when he has probable cause to stop a person for an infraction. We see no reason to read such a limitation into the North Carolina statute.

Plaintiff's claim that defendants violated his rights by handcuffing him is also without merit. An officer may use handcuffs in an arrest, and the use of handcuffs is reasonable in many arrest situations. *See Soares v. State of Connecticut*, 8 F.3d 917, 921 (2nd Cir. 1993) *and State v. Robinson*, 40 N.C. App. 514, 519, 253 S.E.2d 311, 315 (1979). The handcuffs were used to subdue plaintiff after he resisted. It has already been established that defendants did not use excessive force in arresting plaintiff. Given this finding, we see no basis for plaintiff's claim that the use of handcuffs, under these facts, was unauthorized or unreasonable.

We affirm the grant of summary judgment for defendants as to these other grounds offered by plaintiff to challenge the arrest, the registration check, and the use of handcuffs.

Conspiracy Claim

[6] In his 42 U.S.C. § 1985(3) claim, plaintiff contends that defendants conspired to violate his constitutional rights. Plaintiff specifically argues that defendants violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution by enforcing section 14-223 in a discriminatory manner. To show a section 1985(3) violation, a plaintiff must prove:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby the person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2nd Cir. 1993). The second element requires a showing of some

racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 29 L. Ed. 2d 338, 348 (1971).

The issue of whether there was a conspiracy should go to the jury if it is possible that a jury could "infer from the circumstances" that the alleged conspirators had a " 'meeting of the minds' and thus reached an understanding" to achieve the conspiracy's goals. *Adickes v. Kress & Co.*, 398 U.S. 144, 158, 26 L. Ed. 2d 142, 155 (1970). To support his section 1985(3) claim plaintiff offers evidence that defendants joined together to arrest and subdue plaintiff. To show racial animus and conspiracy, plaintiff also offers the uncorroborated testimony of plaintiff who states that, after plaintiff was handcuffed, Officer Taylor, referring to plaintiff's wrist, stated, "[W]ell, I hope you broke it, you damn nigger, for hurting my hand." Defendants point out that Officer Taylor denied making this slur, and plaintiff's own witnesses, Derrick Burton and Tommy Holder, did not hear the officers make any racial slurs.

Plaintiff also offers statistical evidence based on arrest/detention reports showing that thirty-nine of the forty-two people arrested by Officer Taylor for resisting, obstructing or delaying an officer during 1988-1992 were black and that ten of thirteen people arrested by Officer Allen for this charge during this period were black. However, this statistical evidence fails to show what percentage of persons in the patrol area of these officers were black or otherwise. In addition, it was Officer Tiffin who first told plaintiff he was under arrest for resisting, obstructing or delaying an officer. Officers Taylor and Allen arrived later.

Plaintiff has failed to show facts which would permit a jury to infer that defendants had a meeting of the minds with racial animus to deprive plaintiff of his constitutional rights. It has already been established that defendants had probable cause to arrest plaintiff, the arrest was not achieved with excessive force, and that plaintiff's First Amendment rights were not violated. As to the racial slur allegedly made by Officer Taylor, none of the evidence presented by plaintiff supports an inference that the defendants conspired to make the slur or that the defendants as a group had the racial animus required under § 1985(3). Since plaintiff has not produced evidence showing a conspiracy to commit an act that deprives him of his constitutional rights, summary judgment for defendants on plaintiff's section 1985(3) claim was proper.

**BURTON v. CITY OF DURHAM**

[118 N.C. App. 676 (1995)]

## Municipal or Supervisory Liability Claims

Plaintiff seeks to establish municipal and supervisory liability of the City of Durham and Chief Trevor Hampton, respectively, under 42 U.S.C. § 1983 for violation of his constitutional rights. Plaintiff attempts to show that training omissions by the City and Chief Hampton caused the violation of his rights. A municipality cannot be held liable under section 1983 unless action pursuant to official municipal policy caused a constitutional tort. *Pembaur v. Cincinnati*, 475 U.S. 469, 477, 89 L. Ed. 2d 452, 461 (1986). Correspondingly, a supervisor cannot be held liable under this section unless his breach of duty caused the deprivation under color of law of a federally secured right. *McClelland v. Facteau*, 610 F.2d 693, 695-97 (10th Cir. 1979). Since plaintiff has failed to establish a genuine issue of material fact that any of his constitutional rights were violated, his claims against the City and Chief Hampton for municipal and supervisory liability, respectively, must fail. Summary judgment for defendants on these claims is affirmed.

## Other Claims

To the extent that plaintiff has assigned error to the summary judgment order based on other violations of his rights, including but not limited to those arising under the United States and North Carolina Constitutions, these have been abandoned by plaintiff's failure specifically to argue them in his brief. N.C.R. App. P. 28(a) (1995).

For the reasons stated, the order granting summary judgment for defendants and denying summary judgment for plaintiff is affirmed.

Affirmed.

Judges COZORT and GREENE concur.