**C.C. MANGUM, INC. v. BROWN**

[124 N.C. App. 658 (1996)]

C.C. MANGUM, INC., PLAINTIFF-APPELLANT V. C.K. BROWN, JR., DEFENDANT-APPELLEE

No. COA 96-239

(Filed 3 December 1996)

**Judgments § 211 (NCI4th)— trustee's voiding of foreclosure sales— relitigation of issues—collateral estoppel**

Plaintiff, the holder of two deeds of trust and one of the high bidders at foreclosure sales under two other deeds of trust on the same property, was collaterally estopped from relitigating the propriety of the trustee's actions in voiding and not reporting the foreclosure sales because there was confusion regarding the file numbers and order of bidding where the clerk of court determined that the trustee properly voided and postponed the sales, the clerk ordered the trustee not to report the sales and to conduct resales, and plaintiff did not appeal the clerk's order.

**Am Jur 2d, Judgments §§ 524-526.**

Appeal by Plaintiff from Judgment entered 3 October 1995 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 29 October 1996.

*Wood & Francis, PLLC, by Brent E. Wood, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, PLLC, by Jerry S. Alvis and Johnny M. Loper, for defendant-appellee.*

WYNN, Judge.

In December 1988, Claridge Development Corporation ("Claridge") executed a deed of trust in favor of Southern National Bank of North Carolina ("SNB") in the amount of $1,554,025 ("the first SNB deed of trust") covering five tracts of land (Tracts I-V). In May 1990, Claridge executed another deed of trust in favor of SNB for $776,584.87 ("the second SNB deed of trust") covering the same five tracts of land plus tracts VI and VII.

Between the execution of the first and second SNB deeds of trust, Claridge executed two deeds of trust in favor of plaintiff C.C. Mangum, Inc. covering Tract IV. As a result, the first SNB deed of trust created a first lien on Tracts I through V; and the second SNB deed of trust created a second lien on Tracts I, II, III and V, a fourth

lien on Tract IV, and a first lien on Tracts VI and VII. Mangum's deed of trust represented a second and third lien on Tract IV.

Claridge defaulted on both the first and second SNB deeds of trust. To commence foreclosure proceedings, SNB appointed defendant C.K. Brown, Jr. to act as substitute trustee ("the trustee") under both the deeds of trust. Without explanation, the record indicates that the Clerk of Court for Wake County assigned a file number to the first SNB deed of trust foreclosure (92 SP 625) that was higher than the file number given to the foreclosure proceeding on the second SNB deed of trust (92 SP 624).

At the foreclosure sale on 9 July 1992, the trustee apparently incorrectly assumed that the first deed of trust had been given the lower file number and thus called the sale of 92 SP 624 (the second SNB deed of trust) first. SNB was the only bidder in the amount of $2,111,200. Immediately thereafter, the trustee commenced the sale of 92 SP 625 (the first SNB deed of trust). At that time, Mangum offered a bid of $250,000 for Tract IV only. No other bids were made. Thereupon SNB, through its counsel, indicated to the trustee that it had become confused and incorrectly entered a bid for 92 SP 624 thinking that it pertained to the first SNB deed of trust. In response, the trustee announced that "due to the misunderstanding and confusion of the parties" the sales in 92 SP 624 and 92 SP 625 that had just taken place were going to be voided, and a resale would be held the next day.

At that time, Mangum did not object to the trustee's actions. However, on 10 July 1992, the day of the resale, Mangum obtained a temporary restraining order ("TRO") enjoining the trustee from conducting the sales. On 20 July 1992, the superior court dissolved the TRO and instructed the parties to appear before the Clerk of Superior Court for a hearing to determine whether "the sales were completed and must be reported or if [the trustee] has a right to vacate and void such sales and conduct a resale."

The Clerk conducted this hearing on 7 August 1992. By order dated 14 August 1992, the Clerk determined, pursuant to N.C. Gen. Stat. § 45-21.21(a)(5) (Cum. Supp. 1990), that the trustee properly postponed the sales in question due to the confusion that existed regarding the order of bidding on 92 SP 624 and 92 SP 625. The Clerk ordered the trustee not to report the sales held on 9 July 1992 and to conduct a resale of those same properties. Mangum did not appeal the Clerk's order.

The trustee scheduled the resale for 4 September 1992. On 3 September 1992, Mangum obtained another TRO enjoining the sale of both 92 SP 624 and 92 SP 625. On 17 September 1992, the superior court denied Mangum's motion for a preliminary injunction on the ground that it failed to show that it would be irreparably harmed by the resale of the properties as ordered by the Clerk. The court noted that Mangum failed to appeal the Clerk's order, but held that to the extent Mangum's motion for a preliminary injunction constituted an appeal, it was dismissed. The court affirmed the Clerk's order and ordered the trustee to post and publish a notice of sale.

Mangum entered its notice of appeal of the superior court's order on 24 September 1992. Thereafter, Mangum moved to stay the public sale which the trustee had set for 18 October 1992, but was denied. On 7 October 1992, Mangum filed a Petition for Writ of Supersedeas and Motion for Temporary Stay with the Court of Appeals. Initially, this Court allowed the stay but dissolved it after reviewing the writ of supersedeas. On 26 October 1992, the trustee conducted the sale of the properties at issue. This Court then granted the trustee's motion to dismiss Mangum's appeal of the superior court's 17 September 1992 order.

Thereafter, Mangum filed a complaint against the trustee seeking damages for negligence, professional malpractice, breach of fiduciary duty and tortious interference with contract. The trustee filed a motion for summary judgment which was granted on 3 October 1995. Mangum appeals.

---

All of Mangum's claims are based upon the proposition that the trustee did not have the discretion to: (1) void and not report the foreclosure sale conducted under 92 SP 624; and (2) postpone both that sale and the sale to be conducted under 92 SP 625 on 9 July 1992. We find, however, that Mangum is estopped from relitigating these issues because they have previously been decided in the trustee's favor.

The issues that Mangum seeks to raise in this action are precluded by collateral estoppel. Collateral estoppel bars a claim where (1) there has been a prior judgment on the merits; (2) identical issues were involved; (3) the issues were actually litigated; (4) the issues were actually determined; and, (5) the determination of those issues was necessary to the resulting judgment. *Johnson v. Smith*, 97 N.C. App. 450, 452, 388 S.E.2d 582, 583-84, *disc. review denied*, 326 N.C. 596, 393 S.E.2d 878 (1990). It is appropriate to grant summary

judgment against "a party who has had a full and fair opportunity to litigate a matter and now seeks to reopen the identical issues." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 434, 349 S.E.2d 552, 560 (1986).

In the instant case, the Clerk of Court determined that the trustee acted within his discretion and authority in postponing and not reporting the sales of 9 July 1992. Further, the Clerk specifically ordered the trustee not to report the July 9th sales. Mangum did not appeal from the Clerk's order and is therefore collaterally estopped from relitigating these same issues in the instant case.

Therefore, the ruling of the trial court granting the trustee's motion for summary judgment is,

Affirmed.

Judges GREENE and MARTIN, John C. concur.