ARTHUR LEE MAYS, Plaintiff-Appellant v. DAVID W. CLANTON, Individually, and THE TOWN OF TAYLORSVILLE, a Municipality, and THE TAYLORSVILLE POLICE DEPARTMENT, Defendant-Appellee

No. COA04-710

(Filed 15 March 2005)

**Collateral Estoppel and Res Judicata— defensive collateral estoppel—mutuality of parties—consideration of criminal results in civil action**

Defensive collateral estoppel no longer requires mutuality of parties in North Carolina, and the trial court properly considered plaintiff's criminal convictions for assault in granting summary judgment for defendants on plaintiff's civil claims arising from the same incident.

Appeal by Plaintiff from judgment entered 20 January 2004 by Judge Larry G. Ford in Superior Court, Alexander County. Heard in the Court of Appeals 1 February 2005.

*Cunningham & Crump, PLLC, by R. Flint Crump for plaintiff-appellant.*

*Stiles Byrum & Horne, L.L.P., by Terry D. Horne and Virginia Lee Bailey for defendant-appellee.*

WYNN, Judge.

For the use of defensive collateral estoppel, North Carolina does not require mutuality of parties. Where an issue in a civil suit has already been fully litigated in a criminal trial, evidence of that criminal conviction is admittable in the civil suit. For the reasons stated herein, we affirm the decision of the trial court.

On 28 November 2001, Plaintiff Arthur Lee Mays filed a civil action against Defendants David W. Clanton, The Town of Taylorsville, and The Taylorsville Police Department alleging battery, false imprisonment, negligent hiring, and negligent supervision. On 26 December 2003, Mays voluntarily dismissed the negligent hiring and supervision claims.

In his pleadings, Mays alleged that on 2 December 2000, Clanton, a police officer for the Town of Taylorsville, was directing traffic after a Christmas parade. Clanton instructed Mays to move his vehicle onto a street that Mays did not want to travel. Mays made a gesture to Clanton which he stated was one of confusion. The two engaged in a physical altercation; ultimately, Clanton moved the vehicle and arrested Mays.

On 14 March 2002, criminal proceedings against Mays resulted in jury verdicts of assaulting a public officer with a deadly weapon and simple assault for the events of 2 December 2000.

Thereafter, on 22 December 2003, Defendants filed a Motion for Summary Judgment as to all issues presented in the civil action against them on the basis of collateral estoppel. In response, Mays filed a Motion in Limine to exclude evidence of his criminal convictions arising from the events of 2 December 2000. From the trial court's denial of his Motion in Limine and grant of Defendants' Motion for Summary Judgment on the basis of collateral estoppel, Mays appeals to this Court.

---

On appeal, Mays contends that the trial court erred in considering his prior convictions as a basis for granting summary judgment in favor of Defendants on collateral estoppel grounds. We disagree.

Traditionally, under collateral estoppel "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Ass'n., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). However, our Supreme Court no longer requires mutuality of parties when a party seeks to assert collateral estoppel defensively. *Id.* at 434, 349 S.E.2d at 560; *see Johnson v. Smith*, 97 N.C. App. 450, 453, 388 S.E.2d 582, 584 (1990). The party invoking collateral estoppel need not have been a party to or in privity with a party in the first lawsuit "as long as the party to be collaterally estopped had a full and fair opportunity to litigate the issue in the earlier action." *Thomas M. McInnis & Ass'n., Inc.*, 318 N.C. at 432, 349 S.E.2d at 559. "Defensive use of collateral estoppel 'means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense.' " *Johnson*, 97 N.C. App. at 453, 388 S.E.2d at 584 (citation omitted).

Mays relies on the traditional rule that

> evidence of a conviction and of a judgment therein, or of an acquittal, rendered in a criminal prosecution, is not admissible in evidence in a purely civil action to establish the truth of the facts on which the verdict of guilty or of acquittal was rendered, or when there is a verdict of acquittal to constitute a bar to a subsequent civil action based on the same facts.

*Durham Bank & Trust Co. v. Pollard*, 256 N.C. 77, 79, 123 S.E.2d 104, 106 (1961). This rule was founded on the fact that "[w]hile the same facts may be involved in two cases, one civil and the other criminal, the parties are necessarily different, for, whereas one action is prosecuted by an individual, the other is maintained by the state." *Id.* at 79-80, 123 S.E.2d at 106.

Since *Durham Bank & Trust Co.* was decided, our Supreme Court eliminated the need for mutuality of parties in the use of defensive collateral estoppel. *Thomas M. McInnis & Ass., Inc.*, 318 N.C. at 434, 349 S.E.2d at 560. Because the Court in *Durham Bank & Trust Co.* based its decision of not allowing criminal convictions used for collateral estoppel in a civil case on the lack of mutuality between parties, this analysis is no longer accurate.

Indeed, following our Supreme Court's elimination of the requirement for mutuality of parties to establish defensive collateral estop-

pel, this Court has upheld collateral estoppel of an issue in a civil suit when that issue was previously established as an element in a criminal conviction. *Burton v. City of Durham*, 118 N.C. App. 676, 680, 457 S.E.2d 329, 332 (1995) (plaintiff's conviction in district court is conclusive as evidence that plaintiff was not arrested for his verbal protests in a subsequent First Amendment claim); *Hill v. Winn-Dixie Charlotte, Inc.*, 100 N.C. App. 518, 397 S.E.2d 347, 349 (1990) (plaintiff's conviction in district court is conclusive as evidence of probable cause in a subsequent civil case for malicious prosecution unless plaintiff can produce evidence that the conviction was procured by fraud or unfair means). As determined by this Court, evidence of a prior criminal conviction is admittable in a civil suit to support a defensive use of collateral estoppel. *Burton*, 118 N.C. App. at 680, 457 S.E.2d at 332.

In light of this Court's holdings in *Burton* and *Hill*, we must conclude that the trial court properly considered Mays's 14 March 2002 criminal convictions in granting summary judgment.

Affirmed.

Judges HUDSON and STEELMAN concur.