KAREN SHEHAN, as Administratrix for the ESTATE OF KENNETH JAMES BISHOP, Plaintiff v. GASTON COUNTY, GASTON COUNTY CHIEF OF POLICE BILL FARLEY, in his capacity as Gaston County Chief of Police, JASON CARY MAY, in his capacity as an Officer of the Gaston County Police Department, and JOSEPH BRADSHAW, individually, Defendants

No. COA07-1138

(Filed 3 June 2008)

**Collateral Estoppel and Res Judicata— wrongful death—proximate cause—third party's Alford plea—collateral estoppel inapplicable**

The administratrix of a deceased pedestrian's estate was not collaterally estopped from adjudicating her claim that defendant police officer's negligence in running over the pedestrian's body while responding to a call that the pedestrian was lying in the roadway after he had been assaulted by a third person was a proximate cause of the pedestrian's death, based upon the third person's Alford plea to voluntary manslaughter of the pedestrian, because neither plaintiff administratrix nor any defendant was a party to the criminal proceeding involving the third party; plaintiff had no opportunity to litigate the issue of proximate cause during the criminal proceeding; and plaintiff alleged concurrent negligence by the third party and defendant officer so that the third party's negligence does not preclude defendant officer's negligence.

Appeal by defendants from order entered 30 April 2007 by Judge Beverly T. Beal in Gaston County Superior Court. Heard in the Court of Appeals 20 February 2008.

*Campbell & Associates, LLP, by Payton D. Hoover, for plaintiff.*

*Stott, Hollowell, Palmer & Windham, LLP, by Martha Raymond Thompson and Aaron C. Low, for defendants.*

ELMORE, Judge.

Gaston County, Gaston County Chief of Police Bill Farley, and Jason Cary May (collectively, defendants) appeal an order denying their motion for judgment on the pleadings on the issue of collateral estoppel. For the reasons stated below, we affirm the order of the trial court.

Karen Shehan, as administratrix for the Estate of Kenneth James Bishop (plaintiff), sued defendants and Joseph Bradshaw for wrongful death. Bradshaw is not a party to this appeal. Plaintiff's complaint and amended complaints allege the following facts: During the early hours of 9 June 2005, Mr. Bishop was walking on an unpaved right-of-way portion of N.C. 279, near Cherryville in Gaston County. Bradshaw confronted Mr. Bishop and, after arguing with him, struck him on the head with a blunt instrument. Bradshaw left Mr. Bishop, now suffering from a severe head injury, in the northbound lane of N.C. 279. A couple in a passing car discovered Mr. Bishop lying in the road and called 911. The driver "angled his car in the center turn lane of N.C. 279, with his lights on, to aid responding emergency vehicles in locating Mr. Bishop." Defendant May, a Gaston County Police Officer, was traveling northbound on N.C. 279 and responded to the 911 call. At the time, defendant May was acting in his official capacity as a Gaston County police officer and employee of defendant Gaston County Police Department.

When defendant May reached the stretch of N.C. 279 where Mr. Bishop was lying, defendant May ran over Mr. Bishop's body with his patrol car and dragged the body more than ten feet. Plaintiff alleged that she has located a person who is reasonably expected to qualify as an expert witness who will testify that Mr. Bishop was alive when defendant May ran over him. This testimony would be based on a review of defendant Gaston County's "Report of Investigation by the Medical Examiner," "Accident Report," "911 Dispatch Tapes," and "Autopsy Report." In their brief, defendants deny that Mr. Bishop was killed when defendant May ran over him.

On 7 October 2005, Bradshaw entered an *Alford* plea in which he entered a plea of guilty to voluntary manslaughter for his part in the

death of Mr. Bishop. Pursuant to the *Alford* plea, Bradshaw did not admit guilt, but instead acknowledged that it was in his best interest to plead guilty and that he understood that he would be treated as being guilty whether or not he admitted that he was in fact guilty.

Plaintiff alleged in her complaint that "the negligence of Joseph Bradshaw was *concurrent* with the negligence of Defendants Gaston County, the Gaston County Police Department and Gaston County Police Officer Jason May . . . in proximately causing the death of Kenneth Bishop and the injuries to the plaintiff." (Emphasis added). Defendants filed an amended answer on 19 February 2007 in which they asserted as a defense that Bradshaw's actions and omissions "constitute superceding, intervening, insulating actions and omissions, and further rise to the standard of gross negligence, intentional or willful actions and/or criminal acts; all of which bar any purported claims against these answering defendants."

Defendants also asserted a defense and crossclaim in the 19 February 2007 amended answer that states:

> If it be determined that these answering Defendants were in any way negligent or liable to the Plaintiff, and that such negligence was the proximate cause of the Plaintiff's damages, if any, or that these Defendants were otherwise in any way liable to the Plaintiff, all of which has been and is once again denied, then it is alleged that Defendant Bradshaw was negligent as alleged above and otherwise, and these Defendants / [sic] allege that such negligence was primary and active and was the proximate cause of the Plaintiff's damages, if any, and these Defendants' negligence, if any, was secondary and passive and that by reason of the matters herein stated, these Defendants are entitled to be indemnified by Defendant Bradshaw with respect to any judgment, award, cost, expenses, or attorneys fees the Plaintiff or any other party may recover of these Defendants in this action.

The Assistant Clerk of Superior Court in Gaston County entered default against Bradshaw as to the crossclaim on 16 April 2007.

On 20 March 2007, defendants filed a motion for judgment on the pleadings and dismissal of plaintiff's complaint, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c), "on the grounds of collateral estoppel, sovereign immunity, public official immunity, and other forms of governmental immunity." On 30 April 2007, the trial court denied defendant's Rule 12(c) motion as to the issue of collateral estoppel. The court

noted that "counsel for the moving defendants orally announced that the other grounds for 12(c) were not being presented at this time, and are therefore not considered or ruled upon at this time . . . ." The court issued the order "after reviewing the pleadings in the Court file, along with 05 CRS 60553, the criminal file referenced in the Amended Answer of the moving defendants, and after hearing arguments of counsel for the moving defendants and for plaintiff."

Defendants now appeal the trial court's 30 April 2007 order denying their motion for judgment on the pleadings. They argue that no genuine issue of material fact exists as to collateral estoppel, and therefore they are entitled to judgment on the pleadings as a matter of law.

We review *de novo* the trial court's denial of a 12(c) motion for judgment on the pleadings. *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, —— (2008) (citations omitted)

Judgment on the pleadings, pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain. Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the nonmoving party.

*Id.* at 757, 659 S.E.2d at —— (citations and quotations omitted). "[C]ollateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." *Gregory v. Penland*, 179 N.C. App. 505, 513, 634 S.E.2d 625, 631 (2006) (quoting *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004)).

For defendant[s] "to assert a plea of collateral estoppel under North Carolina law as traditionally applied, [defendants] would need to show that [1] the earlier suit resulted in a final judgment on the merits, [2] that the issue in question was identical to an issue actually litigated and necessary to the judgment, and [3] that both [defendants] and [plaintiff] were either parties to the earlier suit or were in privity with parties." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 429, 349 S.E.2d 552, 557 (1986). The Court in *Hall*, however, went on to abandon the third requirement, commonly called "mutuality," when collateral estoppel is being used "against a party who has previously had a full and fair opportunity to litigate a matter and now seeks to reopen

the identical issues with a new adversary." *Id.* at 434, 349 S.E.2d at 560 . . . .

*Gregory*, 179 N.C. App. at 513-14, 634 S.E.2d at 631.

Here, defendants are using collateral estoppel defensively, which eliminates the "privity" or "mutuality" requirement. "Defensive use of collateral estoppel means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense." *Mays v. Clanton*, 169 N.C. App. 239, 241, 609 S.E.2d 453, 455 (2005) (citation and quotations omitted). In this case, both defendants and plaintiff are strangers to the original judgment, Bradshaw's voluntary manslaughter conviction based on his *Alford* plea. The only parties to Bradshaw's judgment were Bradshaw and the State. Plaintiff had *no* opportunity to litigate the issue of proximate cause during Bradshaw's plea hearing. Even if Bradshaw had proceeded to trial, plaintiff would not have had a "full and fair opportunity to litigate the matter."

Defendants rely on *Mays* to support their defensive use of collateral estoppel against plaintiff. The plaintiff in *Mays*, Arthur Lee Mays, "engaged in a physical altercation" with a Taylorsville police officer after a Christmas Parade. *Id.* at 240, 609 S.E.2d at 454-55. The officer arrested Mays. In 2001, Mays filed a civil suit against the officer, "the Town of Taylorsville, and the Taylorsville Police Department alleging battery, false imprisonment, negligent hiring, and negligent supervision." *Id.*, 609 S.E.2d at 454. In 2002, Mays was convicted by a jury of "assaulting a public officer with a deadly weapon and simple assault . . . ." *Id.*, 609 S.E.2d at 455. In 2003, the defendants moved for summary judgment on the basis of collateral estoppel, and the trial court granted their motion. *Id.* Mays appealed to this Court, and we affirmed the trial court's order, explaining that "evidence of a prior criminal conviction is admittable in a civil suit to support a defensive use of collateral estoppel." *Id.* at 242, 609 S.E.2d at 456 (citation omitted).

*Mays* is easily distinguished from the case at hand: Mays had a full and fair opportunity to litigate the elements of his crimes during his criminal jury trial. He was the plaintiff in the civil trial, and his criminal convictions for assaulting a police officer with a deadly weapon and simple assault established certain elements that were also elements in his civil case. Here, plaintiff was not a party to Bradshaw's criminal proceeding and had no ability to intercede and

litigate the issue of causation.[1] Moreover, plaintiff alleged *concurrent negligence* in her complaint. Even if she had received a full and fair opportunity to litigate the issue of whether Bradshaw proximately caused Mr. Bishop's death, she still would not have had a full and fair opportunity to litigate defendants' role in Mr. Bishop's death; Bradshaw's negligence does not preclude defendants' negligence.

Accordingly, defendants could not meet the requirements of collateral estoppel as a matter of law and the trial court properly determined that a judgment on the pleadings was not appropriate. We affirm the order of the trial court.

Affirmed.

Judges McCULLOUGH and ARROWOOD concur.

---

1. That Bradshaw entered an *Alford* plea rather than undergoing a trial or entering a traditional guilty plea poses an additional issue, but one that we need not reach in this case.