**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2570**

_____

THOMAS LEE SOWERS,

            Plaintiff – Appellant,

      v.

CITY OF CHARLOTTE; DUSTIN WIPPEL; WILLIAM PALLONE; EDWARD KAMINSKI,

            Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:14-cv-00523-RJC-DCK)

_____

Submitted:  May 11, 2016            Decided:  September 12, 2016

_____

Before KEENAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas Lee Sowers, Appellant Pro Se. Richard Harcourt Fulton, OFFICE OF THE CITY ATTORNEY, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Lee Sowers appeals from the district court's order granting Appellees' motion for summary judgment in his 42 U.S.C. § 1983 (2012) action, which raised claims of false arrest and malicious prosecution. Sowers' causes of action rested on his contention that he was arrested without probable cause for trespassing and obstruction of officers. On appeal, Sowers asserts that the district court improperly extended the time to file a motion for summary judgment and that material issues of fact prevented summary judgment on his substantive constitutional claims. We affirm.

Initially, we find no error in the district court's extension of time. See Marryshow v. Flynn, 986 F.2d 689, 693 (4th Cir. 1993) ("When the date specified for filing court papers is not jurisdictional, broad discretion is given to the trial court to manage its docket."). With regard to Sowers' substantive claims, while the district court focused on the probable cause for the trespassing arrest, we note that "[w]e are, of course, entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." Scott v. United States, 328 F.3d 132, 137 (4th Cir. 2003). Because we find that the Defendant officers were entitled to qualified immunity, we affirm.

2

To state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that he was arrested without probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974) ("[T]here is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause."); see also Brown v. Gilmore, 278 F.3d 362, 367-68 (4th Cir. 2002) (analyzing false arrest claim for whether seizure was unreasonable). In addition, "[a] malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012) (internal quotation marks omitted). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Id. Therefore, the question of whether Appellees violated Sowers' constitutional rights depends on whether they had probable cause to arrest him at the time of his arrest. See Brown, 278 F.3d at 367 (evaluatingprobable cause in light of officer's knowledge at time of arrest).

Pursuant to N.C. Gen. Stat. § 14-223, "[i]f any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty

3

of his office, he shall be guilty of a Class 2 misdemeanor." The elements of the offense are: 1) that the victim was a public officer; 2) that the arrestee knew that the victim was a public officer; 3) that the victim was discharging or attempting to discharge a duty of his office; 4) that the arrestee resisted, delayed, or obstructed the victim in discharging or attempting to discharge a duty of his office; and 5) that the arrestee acted willfully and unlawfully. North Carolina v. Sinclair, 663 S.E.2d 866, 870 (N.C. App. 2008). "The general rule is that merely remonstrating with an officer . . . or criticizing or questioning an officer while he is performing his duty, when done in an orderly manner, does not amount to obstructing or delaying an officer in the performance of his duties." North Carolina v. Leigh, 179 S.E.2d 708, 713 (N.C. 1971). "Only those communications intended to hinder or prevent an officer from carrying out his duty are discouraged by [N.C. Gen. Stat. § 14-223]." Burton v. City of Durham, 457 S.E.2d 329, 332 (N.C. App. 1995).

In general, qualified immunity entails a two-step analysis. First, the court decides whether violation of a constitutional right has been alleged at all. Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (quoting Saucier v. Katz, 533 U.S. 194, 200 (2001)). If not, the qualified immunity inquiry ends. Step two directs the court to determine whether the right was "clearly

4

established" at the time of the incident and evaluates whether a reasonable officer would have understood that the conduct at issue violated that clearly established right. Anderson v. Creighton, 483 U.S. 635, 639-40 (1987). But see Pearson v. Callahan, 555 U.S. 223, 236 (2009) (holding that court may exercise discretion in determining which prong to address first). Because qualified immunity turns entirely on objective reasonableness, an officer's subjective intent or state of mind is not relevant to the analysis. Park v. Shiflett, 250 F.3d 843, 853 (4th Cir. 2001).

In defining a clearly established right, it is not enough to cite a general constitutional rule of wide import. Anderson, 483 U.S. at 639. Rather, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 641. Thus, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. Accordingly, "'all [officials] but the plainly incompetent or those who knowingly violate the law' are protected." Porterfield, 156 F.3d at 567 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

In analyzing whether law enforcement officers have qualified immunity in a false arrest claim pursuant to § 1983, the issue is not whether probable cause actually exists but whether a reasonable officer in the officer's position would have believed he had probable cause to arrest. See id. Courts consider all of the circumstances known to the officer at the time of the arrest to determine whether there was probable cause. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). The arresting officer's belief need not be correct or even more likely true than false, so long as it is reasonable. Texas v. Brown, 460 U.S. 730, 742 (1983). A magistrate's probable cause determination indicates a reasonable officer would believe he or she had probable cause to arrest. See Brooks v. City of Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996); Torchinsky v. Siwinski, 942 F.2d 257, 261-62 (4th Cir. 1991)(explaining that decisions of a state criminal judge and federal district court judge both finding probable cause are relevant to qualified immunity).

We conclude that the Defendant officers were entitled to qualified immunity for their arrest of Sowers for obstructing the officers. The officers had direct eyewitness information that Sowers was being disorderly and was ejected from a nearby restaurant with his daughter and his daughter's boyfriend. While the officers were arresting Sowers' daughter and her

6

boyfriend, Sowers approached the officers, asked questions, and refused to follow directions. The officers warned Sowers they would arrest him if he did not listen to the officers, but he refused to cooperate. Given the chaotic scene and Sowers' confrontational behavior, this information could lead reasonable officers to conclude that Sowers was impeding or delaying the officers, in violation of the statute. Moreover, the magistrate judge held probable cause supported the arrest. In addition, the district court held there was likely probable cause to arrest Sowers and the officers enjoyed qualified immunity. See Torchinsky, 942 F.2d at 261-62. Given the totality of the circumstances, Defendants' conduct fell within the range of reasonable judgment. Thus, qualified immunity shields them from money damages.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED